## 17462. ANDERSON *v.* SPEER *et al.*

Construing most strongly against the plaintiff in this case the petition by which she sought to recover for injuries from a fall down basement steps in front of a building and near a show-window at which she had been looking, no cause of action against the owner of the building was set out.

DECIDED OCTOBER 5, 1926.

Action for damages; from Fulton superior court—Judge Humphries. April 26, 1926.

*L. O. Simmons, Branch & Howard,* for plaintiff.

*Jones, Evins, Moore & Powers, F. W. Flint,* for defendants.

LUKE, J. Mrs. William Anderson sued Beatty Brothers (a firm composed of C. T. and S. J. Beatty) and Mrs. Katie Silvey Speer for damages for alleged personal injuries. The trial court sustained both the special and the general demurrers of Mrs. Speer to the petition as amended and dismissed it. To the court's order sustaining the general demurrer and dismissing the petition the plaintiff excepted.

The case presented by the petition as amended is substantially as follows: Mrs. Speer owns the Silvey Building, which is in the city of Atlanta and abuts on the north side of Decatur street. Beatty Brothers occupy and operate a pool-room in the basement of said building at 6-½ Decatur street, the floor of said pool-room being six or eight feet below the level of the street. Said pool-room is entered by way of stairsteps leading to the floor level of said basement, the top step being not more than five or six inches from the outer line of the sidewalk. East of and adjacent to that portion of said building where said steps are located, and practically on a level with Decatur street, is a pawnshop, the door of which is set back some five or six feet from the sidewalk in a kind of alcove; and on each side of the entrance to this shop are show-windows surrounded by plate-glass, where jewelry, musical instruments, and the like are displayed. "Just above the steps hereinabove mentioned, . . and in the space where said steps lead down into the basement, there was another alcove of the same general appearance and practically the same size as that above mentioned, leading to the doorway of said pawnshop, and one of

---

Negligence, 29 Cyc. p. 467, n. 46; p. 574, n. 44.
Pleading, 31 Cyc. p. 78, n. 95.

the show-windows of said pawnshop was adjacent to this portion of the building, and was so arranged that articles of merchandise could be and were displayed on the side next to said stairsteps." On the night of February 1, 1925, between 6:30 and 7 o'clock, p. m., the same being Sunday night, the petitioner, her husband, and another gentleman, while passing along said street at this place had their attention attracted by some of the articles displayed in said show-window, and stopped to look at them. At that time there was no light in this place, and petitioner could not see, and did not know, that said stairsteps were located therein practically at the edge of said sidewalk. Said show-window was lighted by electric lights, but there was a wooden floor therein elevated some two or three feet above the sidewalk level, and the light in the show-window did not light said stairway so that a person casually observing the same could distinguish the steps, or see that they were located at said place. (The petitioner's alleged injuries were here set out.) The defendants were negligent in that said steps were located as described, and practically at the edge of the sidewalk, thus constituting a dangerous place where persons passing were likely to be injured. The substance of the matter added to the petition by amendment is as follows: While petitioner was looking at the articles in said show-window, and was standing on the sidewalk at the corner of said show-window, at the point where the said alcove in which said steps were located adjoined the sidewalk, she shifted or changed her position slightly in order to get a better view of some of the articles in said window, and in doing so she inadvertently moved one of her feet a few inches and inadvertently stepped over the edge of the sidewalk into the opening occupied by said steps, and this caused her to lose her balance and to be precipitated down said steps, and to be very seriously and severely injured. The space between the sidewalk and the point where said steps began to descend into said basement was only a few inches wide, was on a level with the sidewalk, and was paved so as to have the same general appearance as the sidewalk and to look like it. There was nothing to warn any one of the existence of said steps at said place; and when the same was dark, as on the occasion in question, a person unacquainted with the situation, casually passing along said sidewalk, or standing at said place, would not, in the exercise of ordinary care, observe the fact that

said steps descended from the edge of the sidewalk. Petitioner was not familiar with said place, and did not know of the existence of said steps, and she could not by the exercise of ordinary care have discovered or known of the existence thereof. There was nothing to indicate the dividing line between the sidewalk and the property of defendant, Mrs. Speer, and petitioner thought she was standing on the public sidewalk, and there was nothing to indicate to her or put her on notice of the existence of said dangerous situation at said place. Said Mrs. Speer knew, or in the exercise of ordinary care could have known, of the dangerous condition existing at said place; and she knew that said show-window existed and was intended to be used as it was used on the occasion in question for the purpose of displaying merchandise in order to attract the attention of persons passing by; and in the exercise of ordinary care she should have known that a person using the sidewalk at said place and especially one who might be attracted by the display in said window, would probably or likely inadvertently step over the level portion of said space and into the opening occupied by said steps; and it was therefore negligence on her part to allow said dangerous condition to exist, especially without anything to warn any one of said dangerous situation as described. Said Beatty Brothers were negligent in that they knew of the existence of said dangerous situation, and were occupying that part of said premises, and failed to keep the same lighted, or to do anything to put any one on notice of the dangerous situation existing at said place and in that part of said premises occupied by them as tenants of said Mrs. Speer.

The petition, construed most strongly against the plaintiff, shows: that while the stairway down which the plaintiff fell was not lighted, the show-window near it was lighted, and the street lights presumably were burning (it being alleged that the building was located in the central portion of the city, that it was between 6:30 and 7 o'clock, and there being no allegation that the streets were not lighted) ; that the plaintiff's leaving the sidewalk resulted in her falling down the stairway and sustaining the alleged injuries; and that this deviation from the sidewalk was voluntary and not accidental, she having strayed from the sidewalk for the purpose of better viewing the attractive show-window. This being true, no cause of action was set out against the owner of the build-

ing, and the court properly sustained the demurrer and dismissed the petition as to the owner. *Hutson* v. *King,* 95 *Ga.* 271 (22 S. E. 615) ; *Manos* v. *Myers-Miller Furniture Co.,* 32 *Ga. App.* 644 (124 S. E. 357).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*