JOHNSON v. LEWIS et al.

No. 7585.   Decided January 30, 1952.   (240 P. 2d 498.)

See 65 C. J. S., Negligence, sec. 297. Motor Carrier, standard of care for. 37 Am. Jur., Motor Transportation, sec. 144; 96 A. L. R. 727.

*Rawlings, Wallace, Black, Roberts & Black* and *Brigham E. Roberts,* all of Salt Lake City, for appellant.

*Stewart, Cannon & Hanson* and *Ernest F. Baldwin, Jr.,* all of Salt Lake City, for respondents.

WADE, Justice.

This is an appeal from a jury verdict and judgment thereon of no cause of action. This action was brought to recover damages for injuries sustained by appellant while he was a passenger in a bus owned and operated by Lewis Bros. Stages, when it collided with a truck at an intersection of Public Highway No. 2 with Sherman Road which is about 5 miles east of Wilbur, Washington.

A group of county officials of Utah had chartered the bus for a convention trip from Lewis Bros. Stages which operated these buses as common carriers for hire. The driver, Oscar M. Henninger, one of the respondents herein, was the agent and employee of the Lewis Bros. Stages. During the trip there was a great deal of singing and speech-making when various members of the party would go to the front of the bus and conduct these proceedings. On a few occasions the driver warned these people that it was against the rules of the company to crowd or stand in the aisles and platform.

In the afternoon of July 26, 1949, the bus was proceeding east from Seattle to Spokane, along Public Highway No. 2 in the State of Washington. This highway runs in an east-west direction. It was a two-lane road with hard black top surface. It was 20 feet six inches wide with four and one-half feet graveled shoulders on each side. Sometime around 4:15 P. M. appellant noting that the bus was passing through wheat country and being interested in wheat, left his seat and stood either on the platform or on the

lower step of the bus so that he could get a better view. The driver of the bus did not tell him not to stay there. About 4:30 P. M. the driver of the bus which had been following a slower moving empty wheat truck decided to overtake and pass it. The truck was nearing the intersection of Public Highway No. 2 with Sherman Road at the time the bus started to pass it and just as the bus was in the process of passing it, the truck made a left hand turn northerly onto Sherman Road causing the right front portion of the bus to collide with the rear corner of the truck. Just before the collision the bus was traveling about 50 miles an hour and the truck about 30 miles per hour. The collision demolished the right front portion of the bus and appellant sustained serious injuries resulting in the amputation of both of his legs. No one else on the bus was injured. The evidence was conflicting as to whether the driver of the bus sounded his horn before passing and whether the driver of the truck gave a signal that he intended to make a left hand turn. The driver of the bus testified that he did not realize he was approaching an intersection at the time he started to pass the truck because Highway No. 2 goes through rolling, hilly country and where the accident occurred was a fill-in, that is, it was built up higher than the landscape and Sherman Road drops off from each side of it. A Washington state highway patrolman testified that there were no obstructions to the view of the intersection of the highway with Sherman Road, but that a person unfamiliar with the intersection would be less likely to see it than one who knew it was there. There were guard rails about 100 feet east and west and north and south of the intersection. High weeds were growing along the road but there was testimony that these did not conceal the guard rails.

Appellant relies for reversal of the judgment upon the giving of certain instructions; the failure to give other instructions, and the admission of certain evidence as prejudicial errors. Among the instructions given by the court

which appellant contends is prejudicially erroneous under the facts of this case is the following one given by the court on contributory negligence:

"Contributory negligence is an act or omission of the plaintiff which in any manner, however slight, proximately contributed to cause the injury or damage of which he complains. In other words, it is such an act which, while not the sole cause of the damage, is such a part of the occurrence or event that, without it, the event would not have occurred. One who is guilty of contributory negligence cannot recover for any damage which such contributory negligence helped to produce."

There are three objections to this instruction:

First: The jury was told that contributory negligence is

"any act or omission of the plaintiff *which in any manner, however slight,* proximately contributed to cause the injury."

The phrase "which in any manner, however slight" is probably technically correct and would do no harm if the jury, in spite of it, keep in mind that there must be a negligent act, that is, an act which lacks ordinary care; and that such act must proximately contribute to cause the injury, that is, it must, as a natural and continuous sequence unbroken by any new or intervening cause produce the injury complained of. But it seems hard to reconcile an act which has those causal qualities as being one which "in any manner, however slight", causes or even proximately contributes to cause the injury. In other words, it seems that in order for an act to constitute negligence and proximately contribute to the causing of an injury it would have to be an effective cause thereof and not merely a slight cause of such injury. This phrase is calculated to belittle the causal relationship necessary between the contributory negligence of the plaintiff and the accident and tends to induce the jury to forget that such contributory negligence must be the result of a negligent act and a contributing proximate cause of the injury and therefore, tends to confuse rather than enlighten the jury on that problem.

This tendency would not be so objectionable if the same type of phrase were used in describing the causal relationship required between the defendant's negligence and the accident or injury. But no such phrase was used in instructing on defendant's negligence. While we do not hold that it was error to so instruct the jury, such phrase tends to confuse the jury rather than to enlighten them on their problem and it would have been better omitted.

Second: This instruction tells the jury that ■

"contributory negligence is any act or omission of the plaintiff which in any manner"

proximately contributes to cause the injury. While the word "negligence" is used in the phrase "contributory negligence", this instruction nowhere tells the jury that the plaintiff in order to be guilty of contributory negligence must be guilty of a negligent act or omission. Nowhere in the instructions was the jury told negligence is a necessary element of contributory negligence. Of course, negligence is a necessary element of contributory negligence and the jury should be directly so instructed.

Third: In the second sentence of this instruction the court, after describing contributory negligence in the words above quoted, said:

"* * * *In other words,* it is such an act which, while not the sole cause of the damage, is such a part of the occurrence or event that, without it, the event would not have occurred." (Italics added.)

By the use of the phrase "in other words" the court indicated that he was going to restate all of the necessary elements of contributory negligence using different words. But in the description which follows no mention is made of the requirement that without a negligent ■ act or omission there can be no contributory negligence, or that such negligence must proximately contrib-

ute to cause the injury complained of. The only guide which this sentence gives to the jury is that

"it [contributory negligence] is such a part of the occurrence or event that, without it, the event would not have occurred".

Thus the jury was simply instructed that if they found that plaintiff committed an act or omission which was such a part of the accident that without it the injury would not have occurred he was guilty of contributory negligence which proximately caused the injury and by the next sentence they were told that in such case plaintiff could not recover. The court does not, in that sentence which purports to set out all the elements of contributory negligence, mention the fact that such act or omission, in order to defeat plaintiff's recovery, must lack ordinary care and proximately contribute to cause the injury and damage sustained. This part of the instruction is tantamount to directing the jury to find in favor of defendant and against the plaintiff for the only disputed issues in this case on the question of contributory negligence were whether or not the plaintiff was guilty of any act of negligence, and whether such negligence, if any, proximately contributed to causing the injury. From the evidence it is absolutely clear that the fact that the plaintiff stood in the front part of the bus and was not in his seat at the time of the accident was such a part of the occurrence or event that without it the injury would not have occurred for the only place that plaintiff could have possibly been injured as he was by that accident was at the front part of the bus, and the jury could not help but reach the conclusion that his act in being in the front part of the bus and not being seated in one of the seats was such an act without which his injury would not have occurred.

To so instruct the jury by specifically mentioning the phase of the evidence about which there was no dispute

and entirely omitting to warn the jury that before they could find the plaintiff guilty of contributory negligence they must find that the plaintiff committed a negligent act or omission and that such negligent act proximately contributed to causing the injury, was prejudicial error.

The appellant further contends that the court erred in giving instruction #6 and the last part of instruction #15 wherein the jury was instructed that since defendants were common carriers of passengers for hire the law imposes upon them the duty of exercising as ordinary prudent men the utmost care to protect their passengers against accidents. He claims that a common carrier of passengers for hire is required to use a definitely greater degree of care to protect his passengers from injury than he is to protect guests or the public generally and that these instructions, while using the term "utmost care" limits his duty to exercising the care of an ordinary prudent person and cites the following cases in support of his contention: *Sine* v. *Salt Lake Transportation Co.*, 106 Utah 289, 147 P. 2d 875, and *Giger* v. *New York, N. H. & H. R. Co.*, 2 Cir., 60 F. 2d 63, 64. In the *Giger* case, Judge Learned Hand, for the court, stated the duties of a common carrier to the passenger as follows:

"* * * A carrier of passengers has indeed an important public function, and a lawful personal interest in his calling; so far as concerns those whom he does not carry, these excuse injuries which might be avoided, if he were extravagantly far-sighted. But his very enterprise is to carry passengers safely, and he is bound to a much longer forecast of the dangers which surround them than he is as regards strangers. It is not perhaps important in just what terms this duty is measured; usually they include the 'highest human foresight' possible in the circumstances. *Stokes* v. *Saltonstall*, 13 Pet. 181, 191, 10 L. Ed. 115; *Indianapolis, etc., R. R.* v. *Horst*, 93 U. S. 291, 295, 296, 23 L. Ed. 898; *Gleeson* v. *Va. Midland R. Co.*, 140 U. S. 435, 443, 11 S. Ct. 859, 35 L. Ed. 458; *Pennsylvania Co.* v. *Clark*, 6 Cir., 266 F. 182, 188. It is enough that the law exacts from him a solicitude which would be unnecessary, and indeed undesirable, in most enterprises. We are not therefore to measure what the defen-

dant should have foreseen by ordinary standards; the law imposes on him a meticulous regard for possibilities which should ordinarily be ignored."

From the foregoing it is clear that the duty owing by the carrier to its passengers for hire is definitely greater than such carrier owes to guests and the general public. Although the test in both cases is the care of an ordinary, prudent person under the existing facts ■ and circumstances, the relationship of carrier to its passengers for hire is a circumstance which requires more foresight and greater caution than it owes to guests or the public generally. On the retrial the court should carefully make this distinction clear.

Other errors are assigned but on careful examination we conclude that no comment thereon is necessary. The case is remanded with directions to grant a new trial. Plaintiff shall recover his costs on this appeal.

McDONOUGH and CROCKETT, JJ., concur.

WOLFE, Chief Justice (concurring specially).

There are two theories upon which plaintiff's conduct in standing upon the platform in the front of the bus may have barred his recovery. One, he may have been considered negligent in being there because his presence distracted the driver's attention and thus contributed to cause the *collision*. Second, his presence on the platform was most certainly a cause of his *injuries* but the jury must first have found that the reasonably prudent person would have realized that this was a known dangerous place in which to ride and that plaintiff was negligent in placing himself on the platform for such reason. A finding of negligence because he distracted the driver which caused the collision would bar plaintiff's recovery, because the injuries were a result of the collision. There is testimony that the bus company prohibits passengers from standing in the front portion of the bus because they would obstruct the

driver's vision out the right hand front door, and of the rear-view mirror attached outside the bus on that side; also that talking with driver may distract him from his driving or standing too near may hamper his movements. But plaintiff's presence in this case did not hamper the movements or interfere, or obstruct the vision of the driver in any manner. The record entirely negates any theory that plaintiff's presence contributed in any way to cause the *collision.*

The evidence is skimpy concerning knowledge that the front of the bus is a known dangerous place in which to ride. My point is, that in legal theory the fact that plaintiff's course of conduct in standing upon the platform might obstruct the driver's vision or distract his attention or hamper his movements, cannot be the reason why he is negligent in being there insofar as such negligence is assigned as the proximate cause of his *injuries* (as distinguished from the collision). In determining whether plaintiff should be barred from recovering because his own negligence caused his *injuries,* the jury should consider only that evidence, if any, bearing upon the theory (second theory set out above) that the front platform of the bus is known by the reasonably prudent person to be an unsafe place in which to ride; that there is a likelihood of being *injured* because of his presence there (not that his presence might cause an accident between the bus and another vehicle). That his presence was the legal cause of his injuries seems quite obvious. That he was negligent in being there *for this reason* is comparatively difficult to determine. Be that as it may it was for the jury under proper instructions to determine whether plaintiff in placing himself where he did was contributorily negligent.

Turning then to the instructions we have the following:

"Instruction No. 8. Contributory negligence is any act or omission of the plaintiff which in any manner, however slight, proximately contributed to cause the injury or damage of which he complains. In other words, it is such an act which, while not the sole cause of the

damage, is such a part of the occurrence or event that, without it, the event would not have occurred. One who is guilty of contributory negligence cannot recover for any damage which such contributory negligence helped to produce."

"Instruction No. 9. Negligence means the failure to do what a reasonably prudent person would have done under the circumstances of the situation, or doing what such person under such existing circumstances would not have done. The essence of the fault may lie in acting or omitting to act. The duty is dictated and measured by the exigencies of the occasion."

Since we do not in this jurisdiction recognize comparative or proportional negligence, we have somehow thought it proper to instruct the jury that a causal relationship, *however slight,* would suffice to bar recovery. I believe that we should eliminate this phrase from our instructions; those dealing with defendant's as well as plaintiff's negligence. A better statement of what constitutes legal cause is found in Restatement of Torts, Sections 431-433.

"The actor's negligent conduct is a legal cause of harm to another if his conduct is a *substantial factor* in bringing about the harm. * * *"

The second reason given for holding Instruction No. 8 faulty is that the court did not instruct the jury that in order for the plaintiff to be guilty of contributory negligence he must be guilty of a negligent act or omission. Negligence was defined in Instruction No. 9. The two instructions read together adequately convey the meaning that contributory negligence is any act or omission of the plaintiff which a reasonably prudent person would not have done under such existing circumstances. Low intelligence must be ascribed to juries to assume that they must be instructed that negligence is a necessary element of contributory negligence.

As to the third reason for condemning Instruction No. 8, I concur in Mr. Justice Wade's opinion that this instruction apparently defines contributory negligence as:

"In other words, it is such an act which, while not the sole cause of the damage, is such a part of the occurrence or event that, without it, the event would not have occurred."

Contributory negligence, by this sentence does not depend upon the plaintiff's breach of any duty, nor is it predicated upon any fault or blameworthy conduct. The test is stated to be *whether the act or omission caused plaintiff's damage*. In effect it says,

"if his act contributed to cause his injury or damage, then he is contributorily negligent."

This is erroneous for which the case must be reversed. A plaintiff's right to recover is not affected by his having contributed to his injury unless he was at fault in so doing. The instruction mixes the concepts of contributory negligence and proximate cause. It is susceptible of being construed by the jury as defining a test of contributory negligence in terms of the causal result. It invites the jury to decide that because plaintiff's injuries would not have occurred were it not for his presence on the platform, it follows that he must have been negligent in being there and therefore he cannot recover.

The test of whether plaintiff was negligent correctly applied to the facts of this case is whether the plaintiff in view of *all* the facts and circumstances of *this* case acted as would a prudent person in leaving his seat and placing himself on the platform and stepwell and that must be determined not in view of what happened but in view of what a prudent man might have done at the time plaintiff left his seat and repaired to the platform.

As to Instructions Nos. 6 and 15, I have never been sure that there is any difference on the one hand between a concept which always uses the standard of ordinary care

but under certain circumstances requires the content of such ordinary care to be of the highest quality, because care that would be ordinary under those circumstances must be of the highest quality, and on the other hand, the concept of different degrees of care—ordinary and utmost or highest. But if there is any doubt, let us use "ordinary" and "high" or "highest" or "utmost" as descriptive, not of the varying content of the ordinary care required but of the requirement of care in terms of degrees. This will eliminate a philosophic distinction which may not involve a difference.

HENRIOD, J., not participating.