390 P.2d 120

Frances T. WIGHTMAN, Plaintiff and Appellant,

v.

BETTILYON'S INC., and Salt Lake City Corporation, a municipal corporation, Defendants and Respondents.

No. 9987.

Supreme Court of Utah.

March 16, 1964.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiff and appellant.

Hanson & Baldwin, Merlin R. Lybbert, A. M. Marsden, Asst. City Atty., Salt Lake City, for defendants and respondents.

WADE, Justice.

Frances T. Wightman, plaintiff and appellant herein, brought this action to recover for personal injuries sustained as a result of a fall while walking on a public sidewalk. The court granted a summary judgment in favor of each defendant and the appeal is from such judgment.

From the pleadings, deposition and exhibits upon which the summary judgment was based it appears that Bettilyon's Inc. was the owner of real property on the southeast corner of the intersection of Highland Drive with Zenith Avenue in Salt Lake City. Zenith Avenue runs in an easterly-westerly direction. Salt Lake City maintains a public sidewalk on Zenith Ave-

nue and at the time of plaintiff's fall in August, 1962, this sidewalk was bordered on both sides by high growing weeds which encroached upon the sidewalk so that the width left for pedestrians to walk was narrowed considerably. The City was notified of this condition but did nothing to remedy it. Plaintiff was aware of this condition because for a month prior to the accident she resided in a duplex just east of the Bettilyon property. She had complained to the City about the condition of the sidewalk because in traversing it her clothes had been messed by the weeds.

Plaintiff was returning home from a trip to a grocery store just after dusk and had proceeded a short distance east on the sidewalk on Zenith Avenue when without warning she fell. It was not a dark night, but the street lights had been turned on. Plaintiff was paying attention to where she was going but was not aware of what caused her fall until an effort was made to move her when it was discovered that her foot had become entangled in a weed.

The court granted the motion of Bettilyon's Inc. for a summary judgment on the grounds that it had no duty to eliminate or prevent the natural growth of weeds over portions of the public sidewalk which its property abutted, and also because the court was of the opinion that appellant was negligent as a matter of law in allowing a weed to entangle her foot and trip her when she had access to and could have used a convenient and safe route, and also that since she was aware of the conditions that existed and if they were hazardous she assumed the risk when she used the sidewalk. Since the court had concluded that appellant was guilty of negligence as a matter of law which negligence was the proximate cause of her injury, it also granted the City's motion for a summary judgment.

Appellant urges this court not to apply the common law principle that an owner or possessor of land abutting other land or a public highway is not subject to liability for injuries caused to others outside his land by reason of a natural condition on his land, except for trees growing near a highway.[1] Appellant argues there is no logical reason why an abutter should be liable for injuries caused by trees and not be liable for such injuries caused by natural vegetation in urban areas. Appellant contends that the duty of an abutter in regards to weeds should be the same as his duty in regard to trees because weeds overgrowing the sidewalk constitute an unreasonable hazard and obstruction to the public and the risk of harm from weeds is more obvious than the risk of harm from a tree as it can be more readily foreseen that someone might fall and trip over a weed than that a tree will fall from age or disease.

1. Restatement of the Law, Torts, Vol. II, Sec. 363.

Regardless of any principle as to liability or non-liability of an abutter for harm caused to others outside his land by reason of a natural condition on his lands, the court did not err in granting the summary judgment in this case because as stated by appellant it is obvious that there is a risk that one may trip over weeds and that such an obstruction on a public sidewalk is a danger which is readily apparent. Appellant was aware of the condition of the sidewalk and as a reasonably prudent person had knowledge that there was danger of tripping and falling in traveling over such a walk. Since the danger was apparent and she was aware of it, the duty was hers to give heed to her own safety by carefully observing and avoiding entrapment by weeds or if it was too dark for such observation to use another route even though somewhat less convenient as she had done in the past when she wished to avoid dirtying her clothes in the weeds. The court did not err in concluding that the danger being apparent, appellant was contributorily negligent as a matter of law for failing to give heed to her own safety.[2]

Affirmed. Costs to respondents.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

2. Eisner v. Salt Lake City, 120 Utah 675, 238 P.2d 416; Wold v. Ogden City, 123 Utah 270, 258 P.2d 453; Cole v. Kloepfer, 123 Utah 452, 260 P.2d 518.