478 P.2d 496

Christopher J. STEVENS, a minor, by Shirley Stevens, Guardian ad Litem, Plaintiff and Appellant,

v.

SALT LAKE COUNTY, an entity known as Papanikolas Brothers Enterprises, and Leonard Ray Johnstone, Defendants and Respondents.

No. 12022.

Supreme Court of Utah.

Dec. 11, 1970.

2. See Utah Const., Art. VIII, Sec. 9, which provides that in equity cases the appeal may be on questions of both law and fact.

Gerald L. Turner of Turner, Fairbourn & Perkins, Salt Lake City, for plaintiff-appellant.

Harold G. Christensen, Jay E. Jensen, Don J. Hanson, Salt Lake City, for defendants-respondents.

CROCKETT, Chief Justice:

This appeal is from the granting of motions for summary judgment in favor of all three named defendants, Salt Lake County, Papanikolas Brothers Enterprises, and Leonard Ray Johnstone, and dismissing plaintiff's complaint, in which he seeks recovery for injuries suffered in a motor vehicle collision.

On June 9, 1968, plaintiff, a 13-year-old boy, was riding his motorized "mini-bike" southward along a pathway in a vacant lot owned by defendant Papanikolas in the environs southeast of Salt Lake City. As he emerged through brush and weeds into an unimproved country road known as Spring Lane, the defendant Johnstone was driving westward thereon and the collision occurred which resulted in the injuries to the plaintiff. In this suit plaintiff bases his claim for recovery against each of the three defendants on separate grounds of negligence:

Johnstone in the operation of his car; Papanikolas as to the condition of the vacant lot; and Salt Lake County as to the condition of the road.

The granting of the motions for summary judgment was based upon the pleadings, affidavits and/or depositions filed by the parties.

### Plaintiff's Claim Against the Driver Johnstone

In his brief plaintiff describes this accident:

The driver of the car and the child who was struck were *screened from each other until the boy had actually reached the traveled portion of the highway.* As Christopher Stevens *emerged from the jungle-like foliage on his mini-bike, he was struck* by an automobile driven by Leonard Ray Johnstone and was seriously and grievously injured.

The plaintiff's pleadings also make this statement:

That the growth and accumulation of high weeds, grasses and wild grains obscured the visibility of pedestrians using the subject pathway and motorists traveling the subject highway and *makes it impossible to motorists and pedestrians to observe one another until upon the subject highway.*

The basis of the plaintiff's claim of negligence against the defendant Johnstone is his failure to see the plaintiff in time and to stop or control his vehicle in order to avoid the collision. He urges application of the principle that the law requires a driver to see things which are apparent, and also holds him responsible for failing to see what in the ordinary care he should have seen.[1] The soundness of that principle of law is not questioned, but the difficulty here is that it does not fit the plaintiff's case. This is negatived by the plaintiff's own assertion that it was " * * * impossible for motorists and pedestrians to observe one another * * *" at that place. Accepting that allegation as a fact, and considering it in connection with plaintiff's further statement that he was struck " * * as [he] emerged from the foliage" impels the conclusion that the defendant Johnstone had no better opportunity than did the plaintiff to see the danger in time to avoid it.

It is urged that because the plaintiff was only 13 years of age he should be held to a lesser degree of care than an adult under similar circumstances. It is true that a child is ordinarily charged with only the degree of care which an ordinary, reasonable and prudent child of the same age

1. Edmunds v. Germer, 12 Utah 2d 215, 364 P.2d 1015 (1951); Spackman v. Carson, 117 Utah 390, 216 P.2d 640 (1950); Clark, et al. v. Union Pacific Railroad Co., et al., 70 Utah 29, 257 P. 1050 (1927).

would observe.[2] However, we do not see that rule as providing any succor to the plaintiff here. Under the circumstances shown we are not aware that there is any substantial difference between the alertness and caution required of a youth of 13 and that of an adult. This is particularly so when he had taken it upon himself to drive a motorized vehicle upon a public way.[3] Further bearing on this duty of care upon the plaintiff is our statute, Sec. 41–6–17(a) (5), U.C.A.1953, which requires that *the driver* (i. e., any driver) of a motor vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to vehicles traveling upon the highway.

From what we have said above it is our conclusion that the trial court was justified in his view that there is no basis upon which it could reasonably conclude that the defendant Johnstone was any more at fault, nor that any lack of care on his part was any more the proximate cause of the mishap, than was the conduct of the plaintiff himself; and that the plaintiff's contributory negligence would bar his recovery.[4]

Plaintiff's Claim Against Property Owner Papanikolas

In considering the duty of a landowner to persons coming on his property, it is appropriate to point out the distinction between what are termed "invitees" or "business visitors" as compared to those who are termed "licensees." In order to qualify as the former, one who goes upon the premises of another must do so at the invitation of the owner. This may be expressed, or it may be implied because it is done in connection with the owner's business, or some mutual business of advantage to the owner. With respect to such invitees, the landowner has a comparatively high degree of care to assure their safety.[5] A licensee is one who goes on the land of

2. Cf. Morby v. Rogers, 122 Utah 540, 252 P.2d 231 (1953).
3. It is generally held that where a person of this age, even though a minor, operates a motor vehicle upon a public way, he should be held to the same standard as an adult driver. This appears to be a necessary rule consistent with the realities of modern traffic regulation and control because all drivers on the highway should be able to expect reasonable care from all other drivers, and that they have no way of knowing that some vehicles might be driven by minors with respect to whom they would have to exercise additional caution. See Burns v. Wheeler, 103 Ariz.

525, 446 P.2d 925 (1968) ; Dawson v. Hoffman, 43 Ill.App.2d 17, 192 N.E.2d 695 (1963) ; and see annotation, "Age of Minor Operator of Automobile or Other Craft as Affecting His Primary or Contributory Negligence," 97 A.L.R.2d 872.
4. See Martin v. Stevens, 121 Utah 484, 243 P.2d 747; Johnson v. Lewis, 121 Utah 218, 240 P.2d 498; Restatement, Torts, Sec. 463.
5. See Hayward v. Downing, 112 Utah 508, 189 P.2d 442; Rogalski v. Phillips Petroleum Co., 3 Utah 2d 203, 282 P.2d 304.

another without any such invitation. But in order that he not be a mere trespasser, there must be permission from the land-owner,[6] or at least an implied permission, which may be inferred from the latter's knowingly allowing repeated use of his land without objection. The latter is the best possible view for the plaintiff's status in this case. In the instance of licensees it is considered that the owner has a somewhat lesser degree of duty than he has to invitees or business visitors. Although he has a duty to exercise reasonable care to avoid injury to such licensees, he generally has no duty to inspect his land to discover possible dangers, or to correct natural conditions on his land to guard against dangers to such licensees; and this is particularly true where the facts concerning any possible danger are just as apparent to the third party as to the landowner.[7] The consideration of this principle, in conjunction with what has been said herein about the plaintiff's own contributory negligence, provides justification for the trial court's ruling in

favor of the property owner, defendant Papanikolas.[8]

### Plaintiff's Claim Against Salt Lake County

Plaintiff's averment as to fault on the part of the County does not stem from any condition upon or within the public roadway itself. Rather it is based upon his contention that weeds and brush growing *alongside* the roadway so obscured the view of travelers thereon that this constituted a "defective, unsafe or dangerous condition of the highway," which it was the duty of the County to remedy, and for which liability was removed by our new Governmental Immunity Act.[9] This statute does not create any liability where none would have theretofore existed. Its sole purpose and effect is to remove sovereign immunity in situations where there would have been liability, but where sovereign immunity formerly prevented recovery.[10]

In respect to our analysis of the claim against Salt Lake County, it is appropriate to observe that there is not here presented

---

6. See Hayward v. Downing, footnote 5 above.
7. See Bird v. Clover Leaf-Harris Dairy, 102 Utah 330, 331, 125 P.2d 797; Lambert v. Western Pac. R. Co., 135 Cal.App. 81, 26 P.2d 824; also, Sec. 342, Restatement of Torts 2d, comment (f): "A licensee, in whose visit the possessor has no interest, is not entitled to expect that special preparations will be made for his safety or that the possessor will warn him of

conditions which are perceptible by his senses, or the existence of which can be inferred from facts within the licensee's knowledge. * * *"
8. See Wightman v. Bettilyon's Inc., 15 Utah 2d 200, 390 P.2d 120.
9. Sec. 8, Ch. 139, S.L.U.1965, codified as Sec. 63-30-8, U.C.A.1953.
10. See Sheffield v. Turner, 21 Utah 2d 314, 445 P.2d 367.

any such broad problem as to whether there may be *some circumstances* where a public road is so positioned and/or maintained in relation to adjacent conditions that there is created such a hazard as to create a "defective, unsafe or dangerous condition of the highway."[11] Our concern is with the particular facts shown in this case: Where the pathway upon which plaintiff traveled and entered into Spring Lane was upon private property, and upon which were growing whatever weeds and brush obstructed his view. It would place a wholly impractical burden upon counties if they had to assume the duty of correcting such conditions with respect to every private way that enters upon a public road.[12]

Considering the circumstances just discussed, together with the plaintiff's duty of due care for his own safety, it is our opinion that the trial court could properly conclude as it did, that the averments of the plaintiff failed to show that there was any "defective, unsafe, or dangerous condition" in the highway for which the County was responsible and had a duty to correct, or that there was any violation of such a duty

which was a proximate cause of plaintiff's injuries.[13] (All emphasis added.)

Judgment affirmed. Costs to defendants (respondents).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

11. See 19 McQuillin, Municipal Corporations, Sec. 54.69 and cases therein cited.

12. That public entity responsible for safe condition of highway is ordinarily not bound to remedy conditions existing on private lands see ibid. Sec. 54.94(g) and case therein cited.

13. Cases quite similar on facts and in accord with our holding are Barton v.

King County, 18 Wash.2d 573, 139 P. 2d 1019. Motorized bicycle collided with truck, view of both obscured by heavy vegetation. County held not negligent for failure to remove vegetation. Bohm v. Racette, 118 Kan. 670, 236 P. 811, similar holding with respect to hedges growing on private property. See also 40 C.J.S. Highways, § 257, p. 301.