493 P.2d 1280

**Ethel M. GIBBONS, Plaintiff and Appellant,**

v.

**OREM CITY CORPORATION, and Gary Scott Crawford, Defendants and Respondents.**

**No. 12476.**

Supreme Court of Utah.

Feb. 11, 1972.

---

Bert L. Dart, Jr., Robert Goicoechea, W. C. Lamoreaux, Salt Lake City, for plaintiff and appellant.

Rex J. Hanson, Robert W. Miller, Hanson, Baldwin, Brandt & Wadsworth, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Ethel M. Gibbons sued Orem City[1] and its truck driver, Gary Scott Crawford, for damages and injuries which resulted when defendant's northbound truck collided with her southbound and left turning automobile in the intersection of 800 North and State Street in Orem, Utah, at about 12:50 p. m. on October 7, 1968. On the basis of the pleadings, depositions, and affidavits, the trial judge granted the defendants' motion for summary judgment solely on the grounds that the plaintiff was contributorily negligent. The plaintiff appeals, contending there are disputes of material facts which should go to a jury for determination.

As Mrs. Gibbons drove southward toward the intersection referred to, she moved into the left turn lane and stopped for the red light. When it turned green (there was no left-turn-only light), she proceeded into the intersection, and was

1. Pursuant to the Governmental Immunity Act Chapter 139 S.L.U.1965. (In code as Secs. 63–30–1 et seq. 1953).

continuing with her left turn eastward, when the defendant's truck coming from the south struck her car broadside. Plaintiff's passenger, Mrs. Sorenson, died as a result of the collision. A separate action was filed on the latter's behalf, which was consolidated with this one. The summary judgment was granted against the plaintiff Gibbons only.

The critical aspect of this case, and the point upon which the defendants place reliance in support of the summary judgment, is the plaintiff's own statement concerning keeping a lookout. In her deposition she said:

Q. Go ahead, tell us where you looked?

A. I looked in the direction which I was going, east.

Q. Did you look in any other direction?

A. And I looked in the direction to the right of me to see that there was no one coming that would be in front of me.

Q. Would that be to the west?

A. No, that would be watching for the traffic coming from the south, if I remember my directions right.

Q. Did you see any coming from the south?

A. I never saw anyone. They told me that is where the truck came from, but I did not see him. I did not see him.

Consistent with that testimony, she stated in her affidavit:

. . . I never saw the truck that hit me. My blinker signal was on for my left turn. I had looked to the south to see if any traffic was coming from the south. I saw no traffic coming in my direction and proceeded with my turn . . .

 For the purpose of analyzing the problem here presented, we must accept the fact that plaintiff said she did not see the defendant's truck or other "traffic coming in my direction." The question then becomes whether, notwithstanding that statement, there is a reasonable basis upon which a jury could remain unconvinced that she was negligent, or that her negligence was a proximate cause of the collision.[2] Under the facts as asserted by the plaintiff, there is a basis upon which a jury could reasonably view them thus: that from her stopped position the plaintiff had proceeded about 70 feet before the collision, accelerating from a speed of 0 to about 20 m. p. h., an average of about 10 m. p. h., and thus elapsed about 5 seconds of time; that as the truck approached it was exceeding the posted speed limit of

2. That the burden of proof, both as to the plaintiff's contributory negligence, and that it was a proximate cause of the collision is upon the defendant, see Johnson v. Lewis et al., 121 Utah 218, 240 P.2d 498; Stickle v. U. P. R. R. Co., 122 Utah 477, 251 P.2d 867.

40 miles per hour, that it skidded a distance of 61 feet before the collision, and then skidded about 29 feet more while pushing the plaintiff's car. On the basis of the figures given, and reasonable deductions therefrom, the defendant's truck would be about 350 feet south of the intersection at the time the plaintiff proceeded into it, which fact her affidavit also asserts.

Just what view a jury might take of this situation, we do not presume to say. Moreover, it would be improper and would serve no useful purpose for us to suggest how we would conclude, if we were jurors. But taking cognizance of their prerogative of acting with the limits of what reasonable minds might believe, we make these observations: there was another car, referred to as "the Erickson car," on the opposite side of the intersection, which may have obscured her view of the oncoming truck at least until she had made her turn clearing it, at which time she was struck by defendant's truck. Further, the jurors could also believe that even if the plaintiff had seen the defendant's truck 350 feet to the south, it would be within the ambit of reasonable care for her to assume that it was traveling within the speed limit and that she had time to clear its pathway and the intersection without danger of collision; and that consequently, failure to see the truck would not be a proximate cause thereof.[3]

Helpful on this problem is the case of Singleton v. Alexander. There we considered the propriety of granting a summary judgment because of the plaintiff's claimed contributory negligence when she slipped on the floor of the defendant's laundromat. In vacating the summary judgment and remanding the case for a trial, this court expressed its awareness and approval of the thought that a jury of lay persons is peculiarly advantaged to determine questions relating to negligence and contributory negligence which are tested by the standard of the ordinary, reasonable and prudent person under the circumstances. We stated:

> Summary judgments are more frequently given in contract cases because of greater ease in determining the factual issues . . . . However, when it comes to determining negligence, contributory negligence, and causation, courts are not in such a good position . . . here enters a prerogative of the jury to make a determination . . . Did the conduct of a party measure up to that of the reasonably prudent man, and, if not, was it a proximate cause of the harm done?[4]

3. See discussion of a similar problem in Smith v. Gallegos, 16 Utah 2d 344, 400 P.2d 570 in a somewhat comparable fact situation and referring to the application of Sec. 41-6-73 U.C.A.1953 which requires the left turner to yield the right-of-way to any vehicle approaching the intersection close enough to constitute an immediate hazard.

4. 19 Utah 2d 292, 431 P.2d 126. Supportive of this conclusion see also New-

From what has been said above it is our opinion that the questions as to whether there was any negligent conduct on the plaintiff's part, and more importantly, whether any such conduct was a proximate cause of the collision, are matters upon which reasonable minds could differ. They are therefore questions for a jury to determine.

The order of summary judgment is vacated and the case is remanded for trial on all issues. Costs to plaintiff (appellant).

CALLISTER, C. J., and HENRIOD and ELLETT, JJ., concur.

TUCKETT, Justice (dissenting):

I dissent. It appears to me that the plaintiff entirely disregarded her duty to use due care for her own safety. The plaintiff is bound by the testimony given in her deposition which clearly indicates that she failed to look for oncoming vehicles while she was attempting to complete a turn to her left. She did not see the oncoming truck which collided with her vehicle until the moment of impact. It is obvious that the oncoming vehicle involved in the collision was within the plaintiff's range of vision at all times. I am of the

ton v. O. S. L. R. R. Co., 43 Utah 219, 134 P. 567, 570, statement for this court by Justice Frick: ". . . unless the question of negligence is free from doubt, the court cannot pass upon it as a question of law . . . if . . . [there . . .

opinion that the plaintiff was guilty of negligence in the operation of her vehicle immediately prior to the collision and that her negligence was the proximate cause of her injuries and damage.

It would seem to me that upon the trial of this case as directed by the majority opinion the trial court will be obliged to direct a verdict against the plaintiff. I would affirm the trial judge.

is] . . . doubt whether reasonable men, . . . might arrive at different conclusions, *then this very doubt determines the question to be one of fact for the jury* and not one of law for the court." (Emphasis added.)