502 P.2d 564

Jaylyn EATON, a minor, by and through her
guardian ad litem, Jay H. Eaton,
Plaintiff and Appellant,

v.

Leon H. SAVAGE and Paula Savage, his
wife, Defendants and Respondents.

No. 12814.

Supreme Court of Utah.

Oct. 30, 1972.

Woodrow D. White, Salt Lake City, for plaintiff and appellant.

F. Robert Bayle and Wallace R. Lauchnor, of Bayle & Lauchnor, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

In this matter plaintiff appeals from an adverse summary judgment granted in favor of the defendants in the court below. The plaintiff seeks to recover for personal injuries on the premises of the defendants who are the owners of apartment buildings. It is the plaintiff's claim that the defendants were negligent in installing and maintaining pipe railings on their premises in the area where children were known to play. The pipe railings were constructed of ¾ inch pipe and were set in concrete along the walks. The railings were approximately 15 inches above the ground

and were installed for the purpose of impeding foot traffic across the lawns.

At the time of the accident the plaintiff was 13 years old and was on the premises for the purpose of acting as a baby sitter for a tenant of one of the defendants. On numerous times prior to the accident the plaintiff had visited the premises and she and her friends had played on the railings bordering the sidewalk. At the time of the accident here in question the plaintiff was assisting the four-year-old child she was caring for in walking on the railing. The plaintiff describes the occurrence in the following language:

> She [the four-year-old] was walking on the bars and I was holding her hand and she would go and walk, and then she would take hold of my hand again. And she went to fall away from me and I went to grab her and I just fell over the bars.

The plaintiff had been walking on the sidewalk in assisting the child and in falling over the railing and onto the lawn she suffered a severe injury to her hip. The defendants admit that it was a common occurrence for children to play in the area and that on a number of occasions, children were observed walking on the railings.

■ There are many dangers including falling from a height which under ordinary circumstances may reasonably be expected to be understood and appreciated by a child of tender years. There being no special hazards and no hidden conditions which would not be readily observable by children in this case, the defendants should not be expected to foresee that a child might be injured in a fall similar to that suffered by the plaintiff. A possessor of land is liable to a trespassing child only if he fails to meet the standard of care expected of a reasonably prudent man under the circumstances. The railings on the land of the defendants did not involve an unreasonable risk of harm to children who might play upon them. This is especially true in this case where the plaintiff was 13 years of age.[1]

■ The fact that an unfortunate accident occurred upon the premises of defendants which resulted in serious injuries to the plaintiff is insufficient to establish liability on the part of the defendants.[2] After viewing the record most favorably to the appellant, we must conclude that the decision of the court below in granting a summary judgment was correct. Respondents are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Restatement of the Law, Torts, 2d Sec. 339.

2. Pollick v. J. C. Penney Co., 24 Utah 2d 405, 473 P.2d 394.