LeRoy SCHULZ, Plaintiff and
Respondent,

v.

Jose QUINTANA, Defendant
and Appellant.

No. 15134.

Supreme Court of Utah.

Feb. 27, 1978.

Phil L. Hansen & Assoc., Phil L. Hansen, Salt Lake City, for defendant and appellant.

Bishop & Harmsen, Stephen M. Harmsen, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This appeal is from a judgment given in favor of Mr. Schulz for injuries he sustained when he tripped and fell over a survey stake at the edge of Mr. Quintana's newly acquired land.

The judge read from interrogatories and answers made thereto and told the jury: "All right, now there is no dispute with that, ladies and gentlemen, that is an accepted fact in the proceedings." What he had read to them was this: "State whether on or prior to August 25, 1974, defendant, Mr. Quintana, placed any wooden stakes in the ground on or about the vicinity of the eastern boundary of the property purchased by defendant from the State of Utah." The answer was "yes."

A landowner may use his property as he sees fit, subject, however, to having due regard for the safety of others who may be affected by it. The owner is under an obligation to make such reasonable use of his property that it will not cause unreasonable harm to others in the vicinity thereof.

The liability for the use he makes, in case it is unreasonably dangerous, depends upon several factors: (a) was it intentional (b) was it negligent so as to create an unreasonable risk; (c) was it a case of maintaining dangerous animals; (d) was the affected person a guest; (e) was he a licensee; (f) was he a trespasser?

Many of the cases like this one arise from unreasonable dangers on land near a highway. Once a highway has been established there is an obligation upon the occupiers of abutting land to use ordinary care to see that the passage way is reasonably safe for travel. Specifically, the occupier would be liable for defective manhole covers on his coal chute in the roadway or for overhanging objects which are negligently permitted to get in such a state of disrepair as to fall upon one using the highway.

The duty is also upon the occupier of land abutting a highway not to permit holes and other defects to form in the land so near the highway as to endanger a user should he inadvertently stray a few feet from his course.

A traveler who abandons his course along the way and departs therefrom to pursue a purpose not reasonably connected with his travel ceases to be a user of the highway and becomes a trespasser, a licensee, or a guest of the landowner according to the relationship existing between them.

In the instant matter, Mr. Schulz was late for work and drove a short distance in his car when he remembered that he, as a member of the train crew, would need his lantern which had been left in his house. It was 10:00 p. m. and dark. He stopped his car and started running across the newly acquired land of Mr. Quintana, heading towards his home. In doing so he tripped and fell, apparently on a wooden stake some six or eight inches high that the owner had placed to mark his property line. The stake caused no injuries, but it did cause the fall; and Mr. Schulz was injured when he hit the ground.

In instructing the jury the court told them:

The rights of a person to use and enjoy his property is [sic] qualified by a duty to exercise reasonable care for the safety of others who may pass by his property.

The duty of an owner of property adjacent to a right of way entends [sic] not only to the user of the right of way but also those who reasonably stray a short distance from the right of way for a casual purpose.

The owner of land abutting a right of way may be negligent creating an unsafe condition thereon.

An unsafe condition as that term is used in these instructions, means a condition on the land in question involving an unreasonable risk of injury to persons properly using such area.

█ The casual purpose mentioned in the instruction is limited to such matters as departing from the highway to permit others to pass, to avoid objects in the highway, to tie one's shoelace, and other matters incidental to continuous travel.

In the case of *Collins v. Decker*[1] the plaintiff left the sidewalk, intending to take a short cut and was injured when he fell into an unguarded and unlighted stairwell near the sidewalk. He was not allowed to recover. In *Foley v. Farnham*[2] the plaintiff stepped off the sidewalk to rest on the doorsill of a building when a sign fell and injured her. She was not permitted to recover. In *Anderson v. Speer*[3] a lady pedestrian stepped off the sidewalk to get a better view of a show window and fell down an unlighted stairwell. She was not permitted to recover.

█ In the instant matter, Mr. Schulz ceased to be a traveler when he abandoned the roadway and entered Mr. Quintana's land in order to shorten his way back to his own house. He was neither a guest nor an invitee. Since both he and Mr. Quintana had bid to buy the land in question from the State Road Commission, and inasmuch as Mr. Quintana was the successful bidder and had staked out the limits of his land, it would seem that Mr. Schulz was a trespasser upon that land and would have to take it as he found it.

It is questionable as to whether the stakes created an unreasonable danger in the first place as they were simply unsharpened survey stakes, two inches by one inch in size.

We think the instruction given to the jury was not appropriate to the fact situation of the case as was revealed by the evidence. It did not correctly state the standard of care owing to a *trespasser,* nor did the court distinguish among the different classes of persons and the different duties owed to each class.

We think Mr. Schulz has not made out a case that entitles him to recover for the injuries he sustained when he fell. The judgment is reversed and appellant is awarded costs.

CROCKETT, MAUGHAN and HALL, JJ., concur.

WILKINS, J., concurs in result.

1. 120 App.Div. 645, 105 N.Y.S. 357 (1907).

2. 135 Me. 29, 188 A. 708 (1936).

3. 36 Ga.App. 29, 134 S.E. 811 (1926).