**Bette JOHNSON, as guardian ad litem for the minor child, Ja Nae Johnson, Plaintiff and Appellant,**

v.

**SALT LAKE CITY CORPORATION, Defendant and Respondent.**

**No. 16415.**

Supreme Court of Utah.

May 1, 1981.

John Walsh, Salt Lake City, for plaintiff and appellant.

Roger F. Cutler, Greg R. Hawkins, Salt Lake City, for defendant and respondent.

OAKS, Justice:

This case represents the vital first application of the new governmental immunity standard this Court adopted in *Standiford v. Salt Lake City Corp.*, Utah, 605 P.2d 1230 (1980), which overruled such immunity to permit an action for injuries sustained on a municipal golf course.

Defendant owns and operates the Mountain Dell Golf Course. This recreational facility operates as a golf course most of the year, but it is open to the public for skiing, tubing, and sledding in the winter months. On January 21, 1978, Ja Nae Johnson, age 8, went there with her parents for sledding. She was seriously injured when her sled collided with an upright four-

by-four timber implanted in concrete, which apparently served as a score stand for players during the golf season. In this action, her guardian ad litem seeks damages from the municipality for negligence in failing to maintain protective barriers against the dangerous conditions presented by natural and constructed obstacles in the areas being used for sledding. The district court dismissed the complaint on the basis of governmental immunity. We reverse on the authority of *Standiford v. Salt City Lake Corp., supra*, which was decided after the district court dismissed this case.

As described in the *Standiford* opinion, for many years the courts of this state and others resolved questions of governmental immunity by reference to a distinction between "governmental functions," for which there was immunity, and "proprietary functions," for which there was no immunity. This distinction, which an eminent authority called "one of the most unsatisfactory known to the law,"[1] put the courts of this state into the untenable position of holding in earlier cases that a golf course was an immune governmental function[2] but a swimming pool was not,[3] and that a sewer system was an immune governmental function[4] but a water system was not.[5]

In breaking free from the governmental-proprietary "quagmire that has long plagued the law of municipal corporations,"[6] this Court stated its intention in the *Standiford* case to escape the inevitable chaos that had resulted from trying to apply a rule of law based on a distinction that was inherently unsound and unworkable. The Legislature had left that task to the courts by omitting to provide a legislative definition of the key term "governmental function" in its 1965 enactment of the Utah

Governmental Immunity Act. Since this term originated with the judiciary, it was appropriate that its definition be provided by the cumulative clarification of interpretive litigation. As we noted in *Standiford*, "the Legislature designed this statutory scheme to allow the courts flexibility and adaptability in fashioning consistent and rational limits to governmental immunity."[7] The definitional process would take place in the context of the Legislature's evident intent to broaden the liability of governmental entities. All of this was decided in the *Standiford* case, to which reference is made for further explanation and citation of authorities.

The Utah Governmental Immunity Act provides that "all governmental entities are immune from suit for any injury which results from the exercise of a governmental function, governmentally-owned hospital, nursing home, or other governmental health care facility." U.C.A., 1953, § 63–30–3, as amended. In reliance upon the Legislature's evident intent to enlarge the liability of governmental entities and to depart from the prior inconsistent definitions, the *Standiford* case confined the doctrine of governmental immunity to the general limits enacted in § 63–30–3, subject to the new definitional process described above.

For present purposes, this means that "all government entities are immune from suit for any injury which results from the exercise of a governmental function," U.C.A., 1953, § 63–30–3, but such entities are not immune from suit for an injury which does not result "from the exercise of a governmental function." Even as to injuries resulting from the exercise of a governmental function, succeeding sections waive the statutory immunity as to certain types of

1. Davis, Administrative Law Text, § 25.01 (3d ed. 1972).

2. *Jopes v. Salt Lake County*, 9 Utah 2d 297, 343 P.2d 728 (1959), overruled in *Standiford v. Salt Lake City Corp., supra.*

3. *Griffin v. Salt Lake City*, 111 Utah 94, 176 P.2d 156 (1947); *Burton v. Salt Lake City*, 69 Utah 186, 253 P. 443 (1926).

4. *Cobia v. Roy City*, 12 Utah 2d 375, 366 P.2d 986 (1961).

5. *Egelhoff v. Ogden City*, 71 Utah 511, 267 P. 1011 (1928).

6. *Indian Towing Co., Inc. v. United States*, 350 U.S. 61, 65, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955).

7. 605 P.2d at 1232.

liability in certain specified circumstances, such as contractual obligations (63–30–5), recovery of or adjudication of title to property (63–30–6), operation of motor vehicles (63–30–7), conditions of roads or public buildings (63–30–8 and 63–30–9), and the acts or omissions of public employees (63–30–10).

■ Since "the general grant of immunity only extends to injuries resulting from 'the exercise of a governmental function . . . ,'" *Standiford v. Salt Lake City Corp.*, 605 P.2d at 1235, the definition of "governmental function" is critical to determining the general extent of governmental immunity. The definition this Court established in the *Standiford* case, and which we reaffirm here, is as follows:

> We therefore hold that the test for determining governmental immunity is whether the activity under consideration is of such a unique nature that it can only be performed by a governmental agency or that it is essential to the core of governmental activity.

*Standiford v. Salt Lake City Corp.*, Utah, 605 P.2d 1230, 1236–1237 (1980).

We think it evident that a governmental entity's provision of winter recreation does not qualify for immunity under this test. Since *Standiford* held that golfing does not qualify, we cannot see how sledding can be treated any differently. Arguments for different treatment are unpersuasive. Reliance on the fact that the municipality collects fees for golf but not for sledding would be a step backwards toward the discredited and unworkable "proprietary" distinction. Seasonal differences are obviously irrelevant. So is the distinction that contrasts novelty and tradition, arguing that golf is a relatively new diversion, whereas parks must be an essential governmental function because our state and local governmental entities have provided them from our earliest history.

■ The first part of the *Standiford* test—activity of such a unique nature that it can only be performed by a governmental agency—does not refer to what government *may* do, but to what government alone *must* do. The provision of recreational opportunities is not in that category. Nor does recreation fit within the second part of the *Standiford* test—"essential to the core of governmental activity"—, which refers to those activities not unique in themselves (and thus not qualifying under the first part) but essential to the performance of those activities that are uniquely governmental.

We intimate no opinion on the application of the *Standiford* test beyond the parameters of the recreational activities involved in that case and this.

■ In view of the fact that this case will now be remanded for further proceedings, we do deem it appropriate to stress that the holdings of this case and *Standiford* do not establish municipalities as insurers against the consequences of all injuries associated with their operations. Far from it. All we hold is that the plaintiff's action is not barred by the doctrine of sovereign immunity. The defendant municipality remains fully qualified to assert appropriate defenses, including, but not limited to, contributory negligence as applied under our comparative negligence statute, U.C.A., 1953, § 78–27–37, lack of causation, and no breach of the duty of care owed to an injured person in the circumstances of the injury.[8]

*Davis v. Provo City Corp.*, 1 Utah 2d 244, 265 P.2d 415 (1953), which held that a mu-

8. E. g., *Tjas v. Proctor*, Utah, 591 P.2d 438 (1979); *Ellertson v. Dansie*, Utah, 576 P.2d 867 (1978); *Schulz v. Quintana*, Utah, 576 P.2d 855 (1978); *Martin v. Safeway Stores, Inc.*, Utah, 565 P.2d 1139 (1977); *Black v. Nelson*, Utah, 532 P.2d 212 (1975); *Eaton v. Savage*, 28 Utah 2d 353, 502 P.2d 564 (1972); *Featherstone v. Berg*, 28 Utah 2d 94, 498 P.2d 660 (1972); *Stevens v. Salt Lake County*, 25 Utah 2d 168, 478 P.2d 496 (1970); *Koer v. Mayfair Markets*, 19 Utah 2d 339, 431 P.2d 566 (1967); *Steele v. Denver & Rio Grande Western Railroad Co.*, 16 Utah 2d 127, 396 P.2d 751 (1964); *Brinkerhoff v. Salt Lake City*, 13 Utah 2d 214, 371 P.2d 211 (1962).

The Legislature may also choose to enact special defenses as it did in U.C.A., 1953, §§ 78–27–51 to 78–27–55 (Supp.1979).

nicipality exercised an immune governmental function in designating a hill as a sledding area, is one of the negative illustrations cited in *Standiford*, and is clearly contrary to the new test enunciated in that case and applied in this one. That portion of the *Davis* case pertaining to governmental immunity is therefore overruled.

The judgment of the district court is reversed, and the cause is remanded for proceedings consistent with this opinion.

MAUGHAN, C. J., and STEWART and HOWE, JJ., concur.

HALL, Justice (dissenting):

For the basic reasons set forth in my dissent in *Standiford v. Salt Lake City Corp.*,[1] I also dissent in this case.