373 P.2d 908

Mary JOHNSON, Plaintiff and Appellant,

v.

Mabel Ellen HARTVIGSEN, Defendant and Respondent.

No. 9427.

Supreme Court of Utah.

Aug. 16, 1962.

Hanson, Baldwin & Allen, Merlin Lybbert, Salt Lake City, for appellant.

Raymond M. Berry, Salt Lake City, for respondent.

## CROCKETT, Justice.

Plaintiff, a passenger in the defendant's car, was injured when the defendant's brakes failed going down a hill, and the latter stopped the car by running it into a tree. A jury trial resulted in a no cause of action verdict against the plaintiff.

The essential points raised are: that the court erred in submitting to the jury the questions of plaintiff's assumption of risk and contributory negligence.

Plaintiff and defendant had an arrangement whereby the defendant furnished transportation to the plaintiff to their place of employment. Defendant admitted having noticed "something irregular" about her brakes for a day or two previous to October 21, 1959, on which this incident occurred. That morning, as she stopped to pick up the plaintiff at her residence on Capitol Hill, in Salt Lake City, she noticed something definitely wrong with her brakes and in connection with exchanging greetings and pleasantries, in which the plaintiff said that she was "having a hard time to get going this morning," defendant said:

"Well, I'm having trouble stopping." Plaintiff was asked:

"Q. Then it's true that she did tell you she was experiencing some difficulty with her brakes?

"A. Yes, as we were going along, I'm sure that must have been the case."

Defendant drove to the corner and turned south to go down State Street, which is a fairly steep hill (about 10% grade). In less than one block after plaintiff entered the car, defendant's brakes failed when she tried to slow down for the traffic light at the foot of the hill. She was able to negotiate through the intersection without colliding with other traffic. She failed to resort to the use of her emergency brake; and declined to turn left up First Avenue (eastward) which would have taken them uphill into a less traveled street. As she was approaching the next intersection at South Temple Street, where the traffic was heavy, she exclaimed to the plaintiff, "I am going to head for that tree." To this the plaintiff replied, "Go ahead." She did so, and the car stopped very abruptly, resulting, inter alia, in the injuries for which plaintiff sues.

It is unnecessary for us to here concern ourselves with the question of defendant's negligence except to say that it

appears that the trial court was justified in submitting that issue to the jury.

Speaking generally to the question whether the plaintiff was at fault in causing this accident, it is to be borne in mind that she was both under the necessity, and had the right, to place some reliance upon the prudence and competence of the defendant, who was the driver and was furnishing the car and the ride.[1] Plaintiff would have no duty to do anything about the operation of the car unless she knew, or in the exercise of reasonable care should have become aware of some danger which she could do something to help in averting.[2]

Submission of the issue of assumption of risk cannot be justified unless there is some foundation in the evidence upon which such a finding could properly rest.[3] It must appear that there was a situation which was clearly observable to be dangerous; of which the plaintiff was aware; and that she voluntarily consented to assume the risk of such danger.[4]

We are unable to discover any foundation whatsoever in the evidence that would support a finding that the plaintiff had any knowledge of the seriously defective condition of the defendant's brakes, nor that she did or said anything to indicate that she voluntarily accepted any such risk. The most that can be said is that she was made aware that the defendant was experiencing some difficulty with her brakes. In the face of the emergency which existed after they failed, the plaintiff cannot be deemed to have had any real freedom of choice. When the defendant said that she was going to run into the tree, the plaintiff's helpless concurrence in saying "go ahead" was obviously nothing more than resignation to cooperating with the inevitable. The only other choice appeared to be a more hazardous one: of running on into a heavily traveled intersection of two arterial streets. It will be seen that this falls far short of meeting the requirements of assumption of risk set forth above.

As to the issue of contributory negligence: it should be plain from the foregoing discussion that there was nothing within the limits of reasonable care which the plaintiff could have done, and failed to do, that had any effect on this collision. It was therefore also improper to submit the

1. See Hillyard v. Utah By-Products, 1 Utah 2d 143, 263 P.2d 287, and authorities therein cited.
2. Ibid.
3. See McJunkin v. Chase, 11 Utah 2d 238, 357 P.2d 490; Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884; and Clay v. Dunford, 121 Utah 177, 239 P.2d 1075, where this court through Justice Henriod quoted with approval the statement that: "Knowledge of the risk is the watchword of * * * assumption of risk."
4. As to essential elements of assumption of risk and nature of proof required, see Prosser on Torts, 2nd Ed., Sec. 55.

question of her contributory negligence to the jury.[5]

The submission of these issues would have permitted the jury to arrive at their verdict of no cause of action against the plaintiff upon theories which had no possible application to the facts of the case. Therefore, the errors so committed were prejudicial and it is necessary that the case be remanded for a new trial.[6] Costs to plaintiff (appellant).

WADE, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.

---

5. See cases footnote 3, supra.

