396 P.2d 751

William H. STEELE and Melva R. Steele,
Plaintiffs and Appellants,

v.

DENVER & RIO GRANDE WESTERN
RAILROAD COMPANY and Weyher Construction Company, Defendants and Respondents.

DENVER & RIO GRANDE WESTERN
RAILROAD COMPANY,
Cross Appellants,

v.

William H. STEELE and Melva R. Steele,
Respondents.

No. 10063.

Supreme Court of Utah.

Nov. 23, 1964.

Howard & Lewis, Jerry G. Thorn, Provo, for appellants.

Bayle, Hurd & Lauchnor, Salt Lake City, for respondents.

McDONOUGH, Justice.

The plaintiffs, husband and wife, were seriously injured when their pickup truck was demolished by one of the trains of defendant railroad company. Defendant Weyher Construction Company was building a concrete vehicular overpass at the site of the accident. Plaintiffs brought suit on the theory that the construction work created a blind entry onto the tracks of the railroad and that both the construction company and the railroad were under a duty to provide protection at the crossing for motor traffic which it knew or should have known would use the private road.

After discovery procedures were utilized, the lower court entered a pretrial order holding that the driver plaintiff was negligent as a matter of law and dismissing his action as to both defendants. The court also dismissed the action against Weyher Construction Company by the passenger plaintiff and ordered the case between Melva R. Steele and the Denver and Rio Grande Western Railroad Company set down for jury trial.

Plaintiffs seek reversal of the finding that neither of the defendants owed a duty to the plaintiffs arising out of the dangerous situation created by the construction work. They further assert that the trial court

erred in granting summary judgment because of the existence of disputed material facts and because of the court's refusal to apply the doctrine of last clear chance with respect to the railroad company.

The cross-appellant railroad company contends that summary judgment should have been granted it against the passenger plaintiff as well as the driver plaintiff.

Plaintiffs were driving east along a state highway near Springville, Utah, on a clear October morning in 1961 when they were confronted with barricades and a sign announcing "Road Closed." Noticing a single-lane roughly graded road about 100 feet east of the barricade Mr. Steele continued on his course and turned off on the parallel road. He observed, as he turned off, that the reason for the closing of the road was to permit the construction of a viaduct and assumed that the dirt road would skirt the construction area. He observed too, the dirt fill providing support for the viaduct but failed to see the dual railroad tracks over which the concrete structure was being built despite the fact that the road was level and provided a view approximately one-half mile. His attention was diverted above to the activities of the construction workers.

He did not look to the right and left as he approached the tracks and, although his visibility was not obscured by the fill embankment or any other condition within 10 feet of the track, he proceeded onto the track without stopping or observing the approaching train. Similarly, he did not see the sign on the railroad right-of-way announcing that persons "entering upon or crossing are trespassers and assume all risks."

Although Mrs. Steele had never travelled this unpaved road before, she knew that there were tracks crossing the highway before construction was begun for the overpass and saw the crossing as they approached it. She felt uneasy about using the road and suggested to her husband that they turn around and go back. Before he answered she saw the approaching train and the collision occurred immediately.

Investigation after the accident revealed that the gravelled road by which Mr. Steele attempted to avoid the impass on the state highway was not a detour, as he had surmised, but an access to the construction area used by the contractor, Weyher Construction Company, and the railroad. Weyher was building the overpass under a contract with the State Department of Highways and a license from the railroad.

The record bears out, and appellants do not dispute, that at least one proximate cause of the accident was the inattention of the driver plaintiff. He knew that there were railroad tracks in the area and he saw that the overpass was being built, but he failed to take cognizance of the tracks over which he was preparing to cross.

Despite the driver's negligence, it is asserted that the location of the service road so close to the closed highway constituted an implied invitation by the owner of the land to use the road as a detour. This, it is said, creates a duty on the part of the railroad and the construction company to make the area safe or to warn them of the peril involved, Restatement of the Law of Torts, Sec. 342.

It is unnecessary to submit 'the question of whether or not plaintiffs were justified in concluding that they had been invited upon the premises to a fact finder, since the owner of property is not to be regarded as an insurer for even an invitee upon his property. His duties toward invitees are limited as those risks which are unreasonable, Comment f., Restatement of the Law of Torts, Sec. 342, Gaddis v. Ladies Literary Club, 4 Utah 2d 121, 388 P.2d 785; which he has no reason to believe such persons will discover or realize the risk involved, Erickson v. Walgreen Drug Co., 120 Utah 31, 232 P.2d 210, 31 A. L.R.2d 177; and which he has reason to anticipate that persons acting with ordinary and reasonable care will encounter, Tempest v. Richardson, 5 Utah 2d 174, 299 P.2d 124. Where the hazardous condition is as easily observable to the invitee as to the owner, the duty to warn does not exist, Lindsay v. Eccles Hotel Co., 3 Utah 2d 364, 284 P.2d 477; DeWeese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, 65 A. L.R.2d 399.

The railroad tracks were there to be observed, as was the railroad's warning sign upon its right-of-way. There existed no danger up to the point of warning and the accident could have been averted had the plaintiff driver taken proper precautions at that point. The case calls for no application of the doctrine of liability upon the owner of property in a hazardous condition. And the law requires that a traveler approaching a railroad crossing to look and listen and, if necessary, stop to avoid being injured by trains. He cannot recover if he fails to do so, because of his contributory negligence, Benson v. Denver & Rio Grande Western Railroad Co., 4 Utah 2d 38, 286 P.2d 790. "That is his duty at all times and all occasions in approaching a railroad crossing and in driving over it, whether the view is obstructed or unobstructed, and the greater the hazard or danger surrounding him, the greater is the care required of him," Pippy v. Oregon S. L. Ry. Co., 79 Utah 439, 11 P.2d 305, 310.

Although the failure of Mr. Steele to observe fundamental rules of common sense and the law in driving his motor vehicle is negligence as a matter of law, he protests that his cause of action is preserved for trial by the doctrine of last clear chance. He neglects to point out, however, how the engineer of the train, im-

pliedly observing his entrance onto the track only seconds before he saw the approaching train, had a last clear chance to act to prevent the injury. Even in hindsight, the facts afford no rational basis to speculate that the cumbersome locomotive could have been stopped within the short period of time after plaintiff's truck came into view. The trial court correctly eliminated the issue in its pretrial order, for the doctrine requires at least some showing of a sufficient lapse of time for the person so charged to appreciate the danger and effectively act upon it, Charvoz v. Cottrell, 12 Utah 2d 25, 361 P.2d 516.

 However, the negligence of Mr. Steele cannot be imputed to his passenger wife nor can it be said to be the sole cause of the accident as a matter of law. The pleadings and depositions put in issue whether or not the engineer sounded a warning signal as he approached the area where he knew, at least, that men from Weyher Construction Company would be working. The question of what reasonable and prudent conduct requires of the railroad company, knowing that the embankment obscured vision at the site of the construction, remains to be determined as a factual matter. This is the type of case where the negligence of a third person in failing to observe a dangerous condition created by another would not interrupt the legal effect of the prior act and the proximate cause of the injury to Mrs. Steele must be determined by the jury, Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287. Finally, whether Mrs. Steele was justified in maintaining her silence in view of her premonitions and observations as a passenger in the truck must determine whether or not contributory negligence can be charged against her, Hillyard v. Utah By-Products Co., supra; Johnson v. Hartvigsen, 13 Utah 2d 322, 373 P.2d 908.

The trial court correctly dismissed the action by William H. Steele and correctly dismissed the action against Weyher Construction Company, preserving for trial Melva T. Steele's cause against the Denver and Rio Grande Western Railroad Company. The judgment is affirmed.

CROCKETT and WADE, JJ., concur.

HENRIOD, Chief Justice (concurring in part).

I concur except as to the conclusion with respect to Mrs. Steele. I can see nothing in this case reflecting any negligence on the part of defendant as to anyone. Therefore, I think the complaint should have been dismissed in toto.

CALLISTER, J., concurs in the opinion of HENRIOD, C. J.