**Bettie M. HULET and William A. Hulet, husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 1–69–104.**

United States District Court, D. Idaho.

March 12, 1971.

Joseph M. Imhoff, Jr., Coughlan, Imhoff, Christensen & Lynch, Boise, Idaho, for plaintiffs.

Sidney E. Smith, U. S. Atty., John L. King, Asst. U. S. Atty., Boise, Idaho, for defendant.

## MEMORANDUM OF OPINION

FRED M. TAYLOR, District Judge.

The plaintiffs Bettie and William Hulet brought this action against the United States to recover damages allegedly sustained by Bettie Hulet when she was struck by a falling rock while visiting the Timpanogos Cave National Monument in northern Utah. This court has jurisdiction of the action under 28 U.S. C. § 1346(b) and under the Federal Tort Claims Act, 28 U.S.C. § 2674, et. seq.

Timpanogos Cave National Monument, located in rugged and mountainous terrain near American Fork, Utah, is a scenic and recreational area owned by the United States, and is controlled and operated by the Department of Interior through its agency, the National Park Service. The central attraction at the monument is Timpanogos Cave, the entrance of which is located approximately one and one-half miles from a visitor's center in the park. Access to the cave entrance is afforded by a steep but improved mountain trail maintained by employees of the National Park Service. On May 29, 1969, the plaintiffs and their children were visitors at this scenic area. They paid the nominal admission fee charged by the National Park Service and began the climb up the trail toward the cave entrance. When they were within a short distance of the cave entrance, a rock some nine inches in diameter fell over the cliff adjacent to the trail, forcibly striking Mrs. Hulet and inflicting severe injuries. Following submission of a claim for damages to the Department of Interior and denial of that claim by the Secretary's representative, the plaintiffs brought this action under the Federal Tort Claims Act. The matter was tried to the court solely on the issue of the liability of the United States, and was submitted for decision on the record and briefs of counsel.

The record shows that falling or rolling rocks were a common occurrence at all points on the trail from the visitor's center to the cave entrance. Such occurrences were most common on the upper portions of the trail nearest the mouth of the cave. The risk of falling rock was particularly high at those points where ravines or gullies crossed the trail. The government concedes that the

hazard of falling or rolling rocks was known to its employees. Indeed, the record shows that special precautions were taken in the spring of each year to remove loose and potentially dangerous rocks above the trail. Further, the evidence shows that during the period from May to November of each year, when the area was open to visitors, it was almost a daily occurrence for Park Service employees to remove fallen rocks from the trail. These rocks ranged in size from pebbles to boulders in excess of three feet in diameter. The plaintiffs contend that in view of the government's knowledge of this obvious danger to visitors, the Park Service employees were negligent either in failing to construct adequate protective devices over and above the trail or in failing to give sufficient warning of the danger to visitors.

██ The evidence adduced was in conflict with respect to the economic and practical feasibility of constructing protective fences or barriers above the trail or a protective roof or canopy over the trail. Assuming, without deciding, that the government had a duty to exercise reasonable care in maintaining its property in a condition reasonably safe for visitors, nevertheless in the court's view the evidence is insufficient to show that such protective devices were reasonably required in the exercise of that duty. Rocks were known to fall at all points along the trail. To hold that ordinary care required such protection along the entire length of the trail would be tantamount to holding the government an insurer of the public safety. The law does not impose such an extraordinary duty upon the United States under these circumstances. The duty of the United States is the equivalent of the duty of a private person under Utah law, which imposes on the proprietor of premises no more than the duty to exercise ordinary care. Steele v. Denver & Rio Grande Western Railroad Co., 16 Utah 2d 127, 396 P.2d 751 (1964); accord, Adams v. United States, 239 F.Supp. 503 (E.D. Okl.1965).

Even conceding, as the plaintiffs argue, that the National Park Service might reasonably be required to construct such barriers on those portions of the trail known to be "high risk" areas, the evidence is not persuasive that such structures would be sufficiently effective to appreciably reduce the risk. The court therefore concludes and holds that any duty of the government to exercise ordinary care did not, in these circumstances, extend to a duty to construct such protective fences or canopies.

█ The plaintiffs further contend, however, that the government was negligent in failing to provide visitors with adequate warnings of a serious hazard, known to Park Service employees, which the visitors could not reasonably have discovered for themselves. The record reveals that the only warnings to visitors at Timpanogos Cave National Monument consisted of two signs, which insofar as relevant read "Watch for Falling or Rolling Rock". One such sign was posted at the beginning of the trail and the other was posted at a point midway along the trail about one-half mile from the cave entrance. Mrs. Hulet did not recall having seen either of these signs, although her husband admitted having seen and read them. It was not the practice of the Park Service employees to issue warnings to visitors, beyond the posting of these signs, and no other warnings, either oral or written, were afforded these plaintiffs.

In the court's view, the warnings given were not commensurate with the degree of danger known to exist. While the signs posted were clearly visible, there was nothing in the context of the warning given which, without more, would suffice to apprise the visiting public that a specifically definable and well known hazard of falling rocks was more than an incidental occurrence along the trail. A normally cautious and prudent person would not infer from the simple wording of the signs that falling rocks, potentially lethal in size and velocity, were a common occurrence, and were particularly probable on

the upper part of the trail, where the precipitous mountainside was often nearly vertical and barren of protective vegetation. The evidence shows that Mrs. Hulet was injured at a point more than a quarter of a mile from the last posted warning sign. Thus the inference is permissible that the warnings were not presented where most needed.

There was ample opportunity for the Park Service employees to have supplied more explicit warnings in a manner which would have adequately impressed visitors with the extent of the risk involved. Oral warnings given at the visitor's center would have had considerably greater impact than the impersonal and general warnings afforded by the signs. Further, where it was well known that the danger was greater on the upper trail, and particularly at those points where ravines or gullies tended to concentrate the falling rocks, it would have been more consonant with due care for the Park Service to have posted additional signs with more specific warning at those areas of greater risk. The court accordingly finds and holds that the government's employees were negligent in failing to act reasonably to warn the plaintiffs of the known hazard. Middaugh v. United States, 293 F.Supp. 977 (D.Wyo.1968); Claypool v. United States, 98 F.Supp. 702 (S.D.Cal.1951).

In view of the court's conclusion, it is unnecessary to determine whether the status of the plaintiffs on the premises was that of licensees or invitees. Where there existed a danger known to the Park Service employees and which the plaintiffs were unlikely to discover, the duty to warn existed regardless of the plaintiffs' status on the property.

This opinion shall constitute the findings of fact and conclusions of law, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, with respect to the issue of liability. Having found liability on the part of the defendant, the court retains jurisdiction for the purpose of determining the damges, if any, sustained by the plaintiffs.