**Wells E. ELLERTSON, Plaintiff and Appellant,**

v.

**Lamont J. DANSIE and Marjorie Dansie, Defendants and Respondents.**

No. 15271.

Supreme Court of Utah.

March 7, 1978.

Will L. Hoyt, Nephi, for plaintiff and appellant.

Don J. Hanson and A. Alma Nelson of Hanson & Garrett, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Wells E. Ellertson sued the defendants for personal injuries he sustained in attempting to untangle the defendants' horse from a chain with which he alleges the defendants had negligently tied it to a post in their yard. Upon the basis of the submissions, i. e., the pleadings, interrogatories and depositions, the trial court granted defendants' motion for summary judgment. Plaintiff appeals.

On the afternoon of June 24, 1975, defendant Marjorie Dansie telephoned plaintiff Wells Ellertson, who lives about two blocks away in their home town of Mona, telling him that her horse was entangled in his tie chain and asked his help. Wells, a man 52 years of age, and his father, Ephraim, went over to the Dansie's. They found that instead of the usual tie rope, the horse's halter had a chain; that it had been tied to a post; that the chain had slipped down the post and the horse's front leg was entangled in it. Wells undertook to remedy the difficulty. He managed to release the leg. But when he undertook to raise the chain on the post the horse reared and struck Wells shoulder and knocked him down, and continued to rear and paw until father Ephraim rescued Wells.

We have no disagreement with plaintiff's urgence that if there is any dispute in the facts claimed which if resolved in plaintiff's favor would entitle him to recover, the summary judgment should not be granted, and the dispute should be resolved by a trial to the court or jury. On the other hand, the purpose of summary judgment is that, if even upon the facts as claimed by the plaintiff, there is no basis upon which he could recover, it saves the time, trouble and expense of such a trial.[1] In applying those principles to the situation presented in this case, the following observations are supportive of the trial court's ruling.

■ Where there is a dangerous condition on one's property, which is just as observable to an invitee as to the owner, the owner has no duty to warn or to protect the invitee except to observe the universal standard of reasonable care under the circumstances.[2] Let it be assumed that the manner in which the horse was tied was negligent and that this created a dangerous condition. When plaintiff came there, whatever negligence existed in that regard had come to rest. There is nothing whatso-

ever to indicate that the defendant failed in any duty to exercise care for the plaintiff's safety after the latter entered the premises. He had freedom of choice and opportunity to avoid any injury to himself.

■ We are certainly not without sympathy for this good samaritan plaintiff who suffered injuries in trying to be of assistance to the defendant. Nevertheless, in applying well-established principles of law we see no escape from the view adopted by the trial court, that accepting the facts as asserted by the plaintiff, it was his knowing and voluntary conduct in going into this plain-to-be-seen danger, and the manner in which he attempted to remedy it, that was a later occurring, independent and intervening cause of his injury; and that consequently there is no basis upon which it could reasonably be found that any negligence on the part of the defendants was a proximate cause thereof.

■ Plaintiff also contends that the trial court erred in failing to make findings of fact. It is of course permissible, and in some instances may be helpful, if the court so desires, to recite what it regards as the undisputed facts upon which it bases its summary judgment. But it is under no obligation do so so.[3]

Consistent with what has been said herein, we are not persuaded to disagree with the determination made by the trial court that there is no basis upon which it could be shown that any negligence of the defendants was a direct, or immediate, or proximate, cause of the plaintiff's injury.

Affirmed. Costs to defendants (respondents).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent.

---

1. *Zampos v. U. S. Smelting, Ref. & Min. Co.*, 10 Cir., 206 F.2d 171.

2. See *Steele v. Denver & Rio Grande Western R.R. Co.*, 16 Utah 2d 127, 396 P.2d 751 (1964), and cases cited therein.

3. *Marking Systems, Inc. v. Interwest Film Corp*, Utah, 567 P.2d 176 (1977).

With the facts, as stated in the majority opinion, I agree; but add that the chain connecting the horse to the post was quite short, about three and one-half feet long. When the chain slipped to the bottom of the post, it pulled the horse's head down, which prevented it from raising its head.

The trial court assumed from these facts the defendants were negligent in the manner of tying the horse, but granted the defendants' motion for summary judgment because it felt these acts, however negligent, were not the proximate cause of plaintiff's injuries. The majority agrees with this conclusion, stating that the plaintiff's own conduct was an independent intervening cause which supplanted the defendants' negligence as the proximate cause.

In my opinion, this ruling fails to clearly address the proper issue. There is no doubt a cause-in-fact relationship between the defendants' alleged negligent acts and plaintiff's injuries. The manner in which the horse was tied resulted in it becoming entangled in the chain, and this caused Mrs. Dansie to call the plaintiff and request that he untangle the horse. There is no jury issue in this respect.

The next issue which should be addressed is whether the defendants owed a duty to the plaintiff under these circumstances. Perhaps the trial court was deciding the defendants owed no duty to the plaintiff, by stating the defendants' conduct was not the proximate cause. On the other hand, the trial court may have assumed the defendants owed a duty to the plaintiff and that duty was breached, but plaintiff's own negligence was so obvious reasonable minds couldn't differ, that plaintiff was more negligent than defendants under the comparative negligence act. It is possible the court meant defendants' conduct was not a substantial factor in actually causing the injuries.

Plainly, the use of the phrase "proximate cause" obscures the true basis of the trial court's decision. The *causal* relationship between the defendants' conduct and plaintiff's injuries is already established. The question presented now is, "did defendants owe a duty to plaintiff or persons similar to plaintiff under these circumstances?" This question contemplates a determination of how far the scope of the legal system's protection should go; a question which should be decided by the court, considering such factors as the foreseeability of the harm caused, the nature of the parties involved, and the difficulty of administration of the law.[1] At this stage of the analysis the court should also consider any intervening causes coming from other forces or persons or the plaintiff. Considering such factors, I conclude the defendants owed a duty to one such as the plaintiff in these circumstances. It is foreseeable that if one improperly ties a horse in a manner which allows it to become entangled, someone will per request or voluntarily attempt to untangle the animal to prevent it from injuring itself. The plaintiff, as a neighbor, was logically one who might be requested to unravel the horse from its predicament. Plaintiff's acts were not independent, unforeseeable forces having no relation to the risk created by the defendants' conduct.

This court has stated that an independent intervening cause which will prevent recovery for a wrongdoer's act must be a cause which interrupts the natural chain of events and prevents the probable and natural result of the original act, and which produces a different result than could reasonably be anticipated.[2] Surely the events occurring in this case were such that could be a natural result of defendants' allegedly negligent conduct.

There are no other reasons which prevent a duty from extending to the plaintiff under these facts. By holding that a duty exists under facts such as these, no great economic or moral burdens would be placed

1. Thode, Tort Analysis: Duty Risk v. Proximate Cause and the Rational Allocation of Functions Between Judge and Jury, 1977 Utah L.Rev. 1, 28, 29.

2. *Ehalt v. McCarthy*, 104 Utah 110, 138 P.2d 639 (1943).

on horse owners, and the judicial burden would not be significantly increased. I believe the defendants did owe a duty to one in the plaintiff's position to exercise reasonable care under the circumstances in the manner in which they tied the horse.

The defendants rely on the rule that a property owner is under no duty to warn an invitee of hazardous conditions which are easily observable to the invitee.[3] These cases[4] differ from the case at bar, however, because the duty which defendants owe to plaintiff here does not arise out of defendants' status as property owners, but from the risk-creating conduct of tying the horse. This case is closer to cases involving the "rescue doctrine," where the above-stated rules invoked by defendants are not appropriate. The rescue doctrine has been applied to a plaintiff seeking to rescue property of the defendant which was endangered by the defendant's negligence. In *Stewart v. Jefferson Plywood Co.*[5] an employee of the defendant negligently started a fire at the defendant's sawmill which was spreading to a warehouse. Plaintiff heard a request for help on the radio and volunteered his efforts to control the blaze. He was injured when he fell through a covered skylight on the warehouse roof. Plaintiff recovered a jury award, and defendant on appeal claimed plaintiff had assumed the risk of his injuries and should have been barred from recovery as a matter of law. The court held defendant owed plaintiff a duty under the circumstances, since it was not unforeseeable that defendant's negligent causing of a fire would result in persons such as plaintiff aiding in the protection of defendant's property. The court stated that since plaintiff was attempting to rescue defendant's property which was endangered by defendant's own negligence, plaintiff was not barred from recovery by the doctrine of assumption of the risk. Similarly, I believe the defendants here owed plaintiff a duty, and that plaintiff should not be barred as a matter of law

from reaching the jury, because of any theory of intervening cause or assumption of risk.

The standard of care which defendants owed to plaintiff was to use reasonable care under the circumstances, in securing the horse. The jury should have been allowed to decide whether defendants breached that standard, and also compare the negligence (if any) of the plaintiff with the claimed negligence of defendants pursuant to our comparative negligence law.

---

3. *Steele v. Denver and Rio Grande Western Railroad Co.*, 16 Utah 2d 127, 396 P.2d 751 (1964).

4. *Pollesche v. K-Mart Enterprises of Utah, Inc.*, Utah, 520 P.2d 200 (1974).

5. 255 Or. 603, 469 P.2d 783 (1970).