Patrick R. DONAHUE, Plaintiff and Appellant,

v.

John C. DURFEE; Delta Valley Foods, a Utah corporation; Larry Howell; Utah Power & Light Company, a Utah corporation; ABCO Construction Corp., a Utah corporation, Defendants and Respondents.

No. 880227–CA.

Court of Appeals of Utah.

Sept. 28, 1989.

W. Brent Wilcox and Edward B. Havas, Salt Lake City, for plaintiff and appellant.

Darwin C. Hansen, Bountiful, for defendants and respondents John C. Durfee and Delta Valley Foods.

Robert B. Hansen, Salt Lake City, for defendant and respondent Larry Howell.

Before BENCH, GARFF and ORME, JJ.

ORME, Judge:

Plaintiff Patrick Donahue appeals the district court's entry of summary judgment in favor of defendants Delta Valley Foods ("DVF"), John Durfee, and Larry Howell. Donahue filed this negligence action seeking to recover damages for injuries he suffered when he contacted an electrical power line while installing a rain gutter on DVF's warehouse. The district court concluded the power line constituted an open and obvious danger and, accordingly, DVF, Durfee, and Howell owed no duty to warn Donahue of the danger or otherwise protect him from it. We reverse and remand.

### FACTS

Summary judgment is proper only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). "In reviewing a summary judgment, we analyze the facts and inferences in a light most favorable to the losing party." *Copper State Leasing Co. v. Blacker Appliance & Furniture Co.*, 770 P.2d 88, 89 (Utah 1988). Accordingly, we set forth the facts as contended by Donahue.

John Durfee, DVF's general manager, hired Larry Howell, a steel building salesman, to organize the construction of a new warehouse for DVF. Howell's duties included procuring the necessary building materials and locating a suitable contractor. With Durfee's consent, Howell hired ABCO Construction Corp. to erect the warehouse.

By spring of 1982, the warehouse was mostly complete and Howell hired "Mr. Rain Gutter," Donahue's employer, to install a gutter to promote proper water drainage. On August 18, 1982, Donahue was assigned to assist with the DVF warehouse project. Donahue was required to work from atop the warehouse roof, where a 7200 volt high-tension power line operated by Utah Power and Light loomed approximately four to five feet overhead. Apparently, Donahue stood up during the gutter's installation and the top of his head struck the power line, causing a severe electrical shock and his resulting fall from the warehouse roof. Donahue was not warned about the powerline but saw it and perceived the potentially fatal danger which it posed.

In July of 1984, Donahue brought this negligence action against DVF, Durfee, Howell, ABCO, and Utah Power and Light.[1] DVF, Durfee, and Howell moved for summary judgment, contending they owed no duty to warn Donahue or otherwise protect him from the power line as it constituted an open and obvious danger. *See, e.g., Steele v. Denver & Rio Grande W. R.R.*, 16 Utah 2d 127, 396 P.2d 751, 753–54 (1964). The district court agreed and entered summary judgment in favor of the defendants.

Donahue appeals, advancing several related arguments. However, the dispositive issue on appeal is whether the open and obvious danger rule is an absolute bar to Donahue's action under Utah's comparative negligence system. We hold that even assuming the power line was an open and obvious danger, Donahue is nonetheless entitled to have the finder of fact compare his negligence, if any, in encountering the power line with any negligence attributable to the defendants in creating or allowing such a dangerous condition to exist.

We first address this issue as it pertains to Donahue's claim against DVF based on its ownership of the warehouse.

## TRADITIONAL APPROACH TO LANDOWNER LIABILITY

Historically, a landowner's duty of care owing to persons entering his or her land varied with the nature of the visit. *See, e.g., Tjas v. Proctor*, 591 P.2d 438, 441 (Utah 1979). *But see Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985) (abandoning the traditional common law distinctions and instead imposing a duty of "reasonable care in all circumstances," at least toward the landowner's tenant). *Accord English v. Kienke*, 774 P.2d 1154, 1156 (Utah Ct. App.1989); *Gregory v. Fourthwest Invs., Ltd.*, 754 P.2d 89, 91 (Utah Ct.App.1988). Under the traditional view a landowner has no duty to warn guests of "open and obvious dangers," regardless of the purpose of the visit. *See, e.g., Ellertson v. Dansie*, 576 P.2d 867, 868 (Utah 1978); *Steele*, 396 P.2d at 753–54. This doctrine is commonly known as the open and obvious danger rule, and it precludes an injured guest's recovery against the landowner for any injuries sustained through encountering an obvious risk. The justification for the rule appears to be that encountering an obvious risk is negligence as a matter of law and, at least under a contributory negligence system, a plaintiff who is even only slightly negligent is barred from recovery. An alternative justification is that while a landowner has a duty to warn guests of dangers on his or her property, the landowner's failure to do so is harmless where the danger is readily apparent.

The open and obvious danger rule has been sharply criticized. An often-cited basis for attack is that the rule establishes the landowner's duty of care according to what is known or should be known by the guest. *See, e.g., Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 671 P.2d 1112, 1117 (Ct.App.1983), *aff'd on other grounds*, 107 Idaho 593, 691 P.2d 1208 (1984). These critics argue that a more logical approach treats the guest's knowledge of obvious danger as bearing only on the reasonableness of the guest's subsequent conduct, not

---

**1.** Donahue entered into settlements with ABCO and Utah Power and Light, and they are not parties to this appeal.

as relieving the landowner of its duty of care. *See, e.g., Keller,* 671 P.2d at 1117 (the open and obvious danger rule does not differentiate between those facts relevant to the landowner's duty of care and those facts establishing a total or partial defense to liability); *Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 521 (Tex.1978) ("A plaintiff's knowledge, whether it is derived from a warning or from the facts, even if the facts display the danger openly and obviously, is a matter that bears upon [plaintiff's] own negligence; it should not affect the defendant's duty.").

Others have criticized the open and obvious danger rule for ignoring reality. As the Texas Supreme Court observed,

[t]here are many instances in which a person of ordinary prudence may prudently take a risk about which he knows, or has been warned about, or that is open and obvious to him.... One's conduct after he is possessed of full knowledge, under the circumstances may be justified or deemed negligent depending on such things as the plaintiff's status, the nature of the structure, the urgency or lack of it for attempting to reach a destination, the availability of an alternative, one's familiarity or lack of it with the way, the degree and seriousness of the danger, the availability of aid from others, the nature and degree of darkness, the kind and extent of a warning, and the precautions taken under the circumstances....

*Parker,* 565 S.W.2d at 520. *See Keller,* 671 P.2d at 1117. Courts subscribing to this view have either completely abandoned the open and obvious danger rule, as did Texas in *Parker,* or, at a minimum, refuse to apply the rule as an absolute bar in actions brought by plaintiffs who, like Donahue, entered the property in connection with their employment duties. *See, e.g., Napoli v. Hellenic Lines, Ltd.,* 536 F.2d 505, 509 (2nd Cir.1976) (a vessel owner must anticipate that a longshoreman may voluntarily encounter an obvious danger to avoid losing his job); *Brown v. Martin Marietta Corp.,* 690 P.2d 889, 892 (Colo.Ct. App.1984) (where an employee's duty renders an obvious danger unavoidable, injured employee is not barred as a matter of law from recovery against landowner); *Shannon v. Howard S. Wright Constr. Co.,* 181 Mont. 269, 593 P.2d 438, 440–41 (1979) (where an employee must either forego employment or encounter danger, the obviousness of the danger will not completely bar the employee's recovery for any resulting injury).

A related approach is articulated in the Restatement (Second) of Torts (1965). Section 343A provides that a landowner is not liable for a guest's injuries resulting from an open and obvious danger unless the landowner "should anticipate the harm despite such knowledge or obviousness." A few jurisdictions, apparently including Utah, have seen merit in this approach. *See, e.g., Whitman v. W.T. Grant Co.,* 16 Utah 2d 81, 395 P.2d 918, 920 (1964) ("In order to justify holding that a jury question as to negligence exists, where injury has resulted from an observable hazard, it is essential that there be something which could be regarded as tending to distract the [injured person's] attention or to prevent him from seeing the danger...."); *Santos v. Scindia Steam Navigation Co.,* 598 F.2d 480 (9th Cir.1979) (applying Restatement approach under Jones Act), *aff'd,* 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981); *Scales v. St. Louis–San Francisco Ry. Co.,* 2 Kan.App.2d 491, 582 P.2d 300, 306 (1978) (a landowner may be liable for injuries suffered by a worker encountering an obviously dangerous condition during periods of foreseeable distraction).

Thus, the open and obvious danger rule is not beyond reproach even within the contributory negligence system from which it arose.

## COMPARATIVE NEGLIGENCE AND ASSUMPTION OF THE RISK

Utah has now abandoned its contributory negligence system. Utah Code Ann. § 78–27–38 (1987), entitled "Comparative Negligence," provides in part that "[t]he fault of a person seeking recovery shall not alone bar recovery by that person. He may recover from any defendant or group

of defendants whose fault exceeds his own." Utah Code Ann. § 78–27–37(2) defines "fault" as "any actionable breach of legal duty ... including, but not limited to, negligence in all its degrees, contributory negligence, assumption of risk,...." We hold that by enacting the above statutory provisions and establishing a comparative negligence system, the Utah Legislature has by necessary implication abolished the open and obvious danger rule as an absolute bar to an injured guest's recovery. Our conclusion is premised on two grounds.

■ First, the open and obvious danger rule is fundamentally incompatible with a comparative negligence scheme, which requires the finder of fact to allocate liability for an injury based on the relative responsibility of the parties involved. The adoption of a comparative negligence system amounts to an expression by the Legislature that the harsh and inflexible result of total victory or unconditional defeat compelled by the traditional contributory negligence system, including the open and obvious danger rule, is no longer acceptable. As most convincingly articulated by Judge Burnett for the Idaho Court of Appeals,

> [p]rior to the advent of comparative negligence, contributory negligence was an absolute bar to recovery. Thus, it made little difference whether a known or obvious condition excused a land possessor's duty to an invitee, or simply insulated the possessor from liability for any breach of such duty. But under the comparative negligence system, the difference is profound. If duty is not excused by a known or obvious danger, the injured invitee might recover, albeit in a diminished amount, if his negligence in encountering the risk is found to be less than the land possessor's negligence in allowing the dangerous condition or activity on his property. In contrast, if the invitee's voluntary encounter with a

known or obvious danger were deemed to excuse the landowner's duty, then there would be no negligence to compare —and, therefore, no recovery. The effect would be to resurrect contributory negligence as an absolute bar to recovery in cases involving a land possessor's liability to invitees.

*Keller,* 671 P.2d at 1118–19. *See also O'Donnell v. City of Casper,* 696 P.2d 1278, 1281–82 (Wyo.1985). While the Idaho Supreme Court did not immediately embrace Judge Burnett's entire analysis, *see Keller v. Holiday Inns, Inc.,* 107 Idaho 593, 691 P.2d 1208, 1210–11 (1984) (limiting the basis for court of appeals holding), the court ultimately adopted that view and abandoned the open and obvious danger rule altogether, citing its incompatibility with Idaho's comparative negligence system. *See Harrison v. Taylor,* 115 Idaho 588, 768 P.2d 1321, 1325 (1989). In abandoning the traditional rule, the court noted that "[w]e recognize the role *stare decisis* plays in the judicial process. But we are not hesitant to reverse ourselves when a doctrine ... has proven over time to be unjust or unwise." 768 P.2d at 1328. We are likewise convinced that the open and obvious danger rule is incompatible with Utah's comparative negligence system and join Idaho and a number of other states in announcing its abandonment.[2] *See, e.g., Cox v. J.C. Penney Co.,* 741 S.W.2d 28 (Mo.1987) (en banc); *Woolston v. Wells,* 297 Or. 548, 687 P.2d 144 (1984); *Parker,* 565 S.W.2d at 517; *O'Donnell,* 696 P.2d at 1284.

Our second point of analysis is premised upon the fact that the assumption of risk doctrine has been expressly abandoned in Utah as a complete bar to recovery due to its incompatibility with our comparative negligence system. *See* Utah Code Ann. § 78–27–37(2) (1987). *See also Moore v.*

---

**2.** The middle ground taken by the Idaho Supreme Court in *Keller,* namely that of recognizing an exception for injured employees rather than rejecting outright the open and obvious danger doctrine, is not without attraction as a more cautious and conservative approach to the law's development. However, there is no defensible basis for making such fine distinctions in

view of our conclusion that the open and obvious danger rule, at least as a total bar to liability, has been legislatively washed away with the enactment in this state of a comparative negligence scheme. And as discussed in the text, the Idaho court reached this very conclusion in *Harrison* only five years after its decision in *Keller.*

*Burton Lumber & Hardware Co.*, 631 P.2d 865, 870 (Utah 1981);[3] *Jacobsen Constr. Co. v. Structo–Lite Eng'g, Inc.*, 619 P.2d 306, 309 (Utah 1980). *Accord Deats v. Commercial Sec. Bank*, 746 P.2d 1191, 1193–94 (Utah Ct.App.1987). It would defy rationality to maintain the open and obvious danger rule as a complete bar to recovery where the essentially indistinguishable assumption of risk doctrine no longer compels such a result. *See, e.g., Harrison*, 768 P.2d at 1325 (open and obvious danger rule is a corollary to the assumption of risk doctrine and should likewise be abandoned); *Parker*, 565 S.W.2d at 518 (assumption of risk doctrine is inseparable from the open and obvious danger rule). *See also* Utah Code Ann. § 78–27–37(2) (1987) (defining "fault" for purposes of the comparative negligence scheme as including "assumption of risk" and "negligence in all its degrees").

■ Similarly, the Utah Supreme Court has interpreted section 78–27–37(2) to abolish the last clear chance doctrine as a complete bar to recovery.

> It is widely recognized that such doctrines as assumption of risk, last clear chance, and *discovered peril* resemble the old contributory negligence doctrine in that they are "all or nothing" doctrines in terms of recovery by the plaintiff....
>
> [T]here seem to be no good reasons to retain [the last clear chance] doctrine which was originally devised because of another doctrine, i.e., contributory negli-

gence, which the state of Utah has statutorily abolished as an absolute bar to recovery.

*Dixon v. Stewart*, 658 P.2d 591, 598 (Utah 1982) (emphasis added). We likewise find no good reasons to retain the open and obvious danger rule as an absolute bar to recovery. The summary judgment against Donahue and in favor of DVF must accordingly be reversed.[4]

### JUDGMENT AGAINST OTHER DEFENDANTS

■ Lastly, we address the summary judgment in favor of Durfee and Howell. Donahue's claim against these two defendants is based on their roles in procuring and supervising the construction of the DVF warehouse, including allowing the active power line to remain so near the warehouse roof while Donahue worked. Apparently, the only basis for summary judgment in their favor was the open and obvious nature of the danger posed by the power line. As we held above, the mere obviousness of danger does not support summary judgment under these facts, and it must also be reversed as to both Durfee and Howell.

### CONCLUSION

We reverse the summary judgment and remand this matter for trial or such other proceedings as may be appropriate consistent with this opinion. At trial, the finder of fact must compare the reasonableness of

**3.** In *Moore*, 631 P.2d at 868, the Utah Supreme Court also held the defendant landowner was entitled to a jury instruction that he has no duty to warn a business invitee of an obvious danger, but the failure to give such an instruction under the particular facts was held to be harmless error. This result does cast doubt on the propriety of our conclusion here. While our Supreme Court recognized in *Moore* that the assumption of risk doctrine has been abandoned as a complete bar to recovery under sections 78–27–37 and 78–27–38, it failed to consider the effect of those provisions on the open and obvious danger rule, most likely because that point was not argued by the parties. 631 P.2d at 870. We believe that had the parties in *Moore* analyzed the open and obvious danger rule in this light, the Court would have held that there are no significant differences between it and the as-

sumption of risk doctrine, abandoning both under our comparative negligence system.

**4.** Our decision in this case will no doubt narrow somewhat the range of cases involving landowner liability in which summary judgment will be appropriate. However, summary judgment will still be available, even though the landowner will be unable to take refuge behind the open and obvious danger doctrine, in situations where the landowner establishes undisputed facts showing he was not negligent as a matter of law. Such situations include plaintiffs who are solely responsible for creating the dangerous condition on defendant's land. *E.g., English v. Kienke*, 774 P.2d 1154, 1157 (Utah Ct.App.1989).

 

Donahue's conduct under all the circumstances in encountering the power line with the reasonableness of DVF's, Durfee's, and Howell's conduct in creating and allowing the potentially deadly power line to remain so near the warehouse roof, in an activated state, while work was being done on the roof. If any damages are warranted under this analysis, they must be awarded consistent with Utah Code Ann. § 78–27–38 (1987), as discussed above. The parties will bear their own costs of this appeal.

BENCH and GARFF, JJ., concur.